UNITED STATES *v.* OBERLE (No. 232). UNITED STATES *v.* ILLFELDER (No. 233).[1]

1. SUBSTITUTION OF RECORDS ON HEARING BEFORE BOARD.

Where a rule had been promulgated by the Board of General Appraisers providing that in classification proceedings the record and testimony in one case might be admitted as the record and testimony in another, if a like case, but providing, too, for a reexamination and cross-examination of witnesses if moved for, proceedings on such a substituted record could only be proper after due notice, so that witnesses might be reexamined or cross-examined as might or might not be desired.

2. COMMERCIAL DESIGNATION, INSUFFICIENT EVIDENCE OF.

Where only one witness has testified to the commercial designation of an article, this is insufficient evidence to prove an accepted use of the term in commerce.

3. REVIEW OF QUESTIONS OF FACT.

This court may review questions of fact, but when a decision by a board is made to rest on a record that is not a part of the record here, there is not here sufficient testimony to warrant the finding of the board being sustained.

### United States Court of Customs Appeals, April 24, 1911.

APPEALS from decisions of the Board of United States General Appraisers, Abstract 23092 (T. D. 30547).

[Reversed.]

*D. Frank Lloyd,* Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, and DE VRIES, Judges.

DE VRIES, Judge, delivered the opinion of the court:

In the decision of these protests the general appraiser of his own motion consolidated the testimony taken in two other cases involving similar merchandise and issues.

The merchandise was very small mirrors. The question was whether they were dutiable as toys or as mirrors, under the respective applicable paragraphs of the tariff act of 1897.

The Government ultimately contends that if the records were consolidated upon the motion of the general appraiser himself, the Gov-

---

[1] Reported in T. D. 31545 (20 Treas. Dec., 873).

ernment was without notice of that action. The record does not disclose that the Government had express notice, nor does the statement of the general appraiser deciding the cases allege that the Government had other than presumptive notice.

As the protests were set for hearing October 20, 1908, and decided April 14, 1910, and during the interim there were substantial changes in the procedure of the board and positive changes in its rules, absence of notice on the one hand and failure to take notice on the other might well occur.

It is contended by the importers' counsel that inasmuch as the protests arose many years before, and there were at that time no rules of the board requiring such notice, the point is not well made by the Government counsel. The protests in question, however, were decided April 14, 1910. When the order of consolidation was made does not appear. In view of the rule of the board it would seem unimportant.

At *the time of the decision* of the cases the following rule of the Board of General Appraisers had for several months been duly promulgated:

### RECORDS IN PREVIOUS TRIALS AS EVIDENCE.

XXXIV. Where a question of the classification of imported merchandise *is under consideration for decision* by any one of the boards, and a decision has been previously made involving the classification of goods substantially the same in character, the record and testimony taken in the latter case may, within the discretion of the board, be admitted as evidence in the pending case on motion of either the Government or the importer, or on the board's own order: *Provided,* That either party may have any one or more of the witnesses who testified in such case summoned for reexamination or cross-examination, as the case may be. This rule shall furthermore apply to the printed records which may have been acted on by the courts in case of appeals taken from the decisions of the board.

It will be observed that the right to consolidate records is vested in the board hearing the case conditional upon the fact that either party may have any one or more of the witnesses who testified in such case summoned for reexamination or cross-examination.

We think the rule of the board applied by its very terms to these cases, and are satisfied from the record that the opportunity of cross-examination required by the rule upon consoldiation of the records was not afforded by proper or sufficient notice.

It further appears by the record that the protests were decided upon authority of G. A. 5526 (T. D. 24869). The testimony in that case does not accompany this record.

From the description of the merchandise in that decision, the subject thereof, we are not clear, and it is not shown by this record, that the merchandise covered by these protests and held dutiable as toys was of the same dimensions in the determining features as that held dutiable as toys in the previous decision.

Moreover, there is evidence in the record that whether or not an article comes within the designation of "toys" when used in the tariff

act is a question of commercial designation. If the decisions of the board are rested upon the testimony consolidated herewith by the Board of General Appraisers in making decision of these protests, that testimony in that particular is plainly and unequivocally insufficient. But one witness testified, an employee of the importers, that these articles were commercially known as toys. One witness is insufficient for the purpose of establishing commercial designation when the testimony is no other than that included in this record.

Whether there was any testimony as to commercial designation and whether there was sufficient testimony, if any, upon that point in G. A. 5526 (T. D. 24869) is not apparent from this record, because, as stated, the record in that case was not upon motion of either party, or the general appraiser upon his own motion, incorporated in this record.

This court, by the law when the point is invoked, is empowered to review questions of fact as well as law. United States *v.* Reibe (1 Ct. Cust. Appls., p. 19; T. D. 30776).

It seems unnecessary to say where a decision is rested upon a record or records in which the crucial point in the issue is one of commercial designation or any other probative fact, and those records are not a part of the record before this court, there is not before the court sufficient testimony to sustain the finding of the board.

Accordingly the decisions of the board in these cases are *reversed*, with directions that, after due notice, new trials be had in each case.

MONTGOMERY, Presiding Judge, and SMITH and BARBER, Judges, concur.