SHELDON *v.* UNITED STATES (No. 518). HEMPSTEAD *v.* UNITED STATES (No. 519).[1]

1. COURT OF CUSTOMS APPEALS—POWERS TO REVIEW.

The act creating this court empowers it to review not alone the law, but, when the findings of the Board of General Appraisers are made an issue, to review the facts presented upon appeal to this court.

2. A RECORD USED AS A BASIS FOR OPINION BELOW SHOULD BE INCORPORATED HERE.

To enable this court fairly to review a finding of fact by the board, when this finding is made an issue on appeal, it is essential that the court should have before it all the testimony that influenced the board in reaching its conclusion.

3. SAME.

This is not to say the board may not, in the course of its oftentimes necessarily summary determinations, rely in its findings on proof in other like cases, heard on earlier dates by the board.

## United States Court of Customs Appeals, May 8, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24047 (T. D. 30983).

[Reversed.]

*Curie, Smith & Maxwell* (*W. Wickham Smith* and *Thos. M. Lane* of counsel) for appellants.

*D. Frank Lloyd*, Assistant Attorney General (*T. J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The chief and we think controlling contention in these cases is a matter of procedure. The cases arose at the port of Chicago, were duly noticed for hearing before a general appraiser sitting at that port, and testimony on behalf of the importers introduced. The record was returned to the port of New York, and in due course decision rendered.

The decision of the board is as follows:

The merchandise consists of a thick paper of the variety known as "millboard" or "binders' board." The collector assessed duty on the said paper board at the rate of 35 per cent ad valorem under the provisions of paragraph 415, tariff act of 1909, as "cardboard." It is claimed that the merchandise is dutiable properly at 30 per cent ad valorem under paragraph 415 as "paper" not specially provided for.

The proof offered in these cases does not warrant a departure from the ruling of the board as laid down in G. A. 7078 (T. D. 30826), and for the reasons stated in that decision these protests are overruled. The assessments in question are affirmed.

It is urgently contended by counsel for the importers, as shown by the decision, that the findings of the board were controlled by its

---

[1] Reported in T. D. 31594 (20 Treas. Dec., 1015).

findings in another case, G. A. 7078 (T. D. 30826), and of necessity the evidence supporting the same.

The testimony in that case is not made a part of the return in this case, nor was it upon motion of either party or order of the general appraiser made a part of the record.

The Assistant Attorney General in his brief, and in support of his contentions, cites as to the necessity and propriety of the practice followed by the board, and in support of its findings, excerpts from an opinion written by Judge Somerville in G. A. 5437 (T. D. 24715), as follows:

In this case a request has been made by the counsel for the Government that the testimony taken by the board in the Leerburger case above cited be introduced as evidence in this case, which request is granted in accordance with a well-settled practice of the board. Suits to recover back duties alleged to have been illegally exacted usually involve, as one of the necessary issues, the proper classification of imported merchandise, so that, in a certain sense, such suits are proceedings de re, rather than inter partes. In this view of the matter, the board has found it expedient and conducive to justice to allow, on the motion of either party, the introduction of evidence taken in other cases whenever it has been shown that the merchandise in question was of the same kind. It is not unusual for the board to take the testimony of 20 or 30 witnesses as to the character and uses of merchandise; and if this testimony could not be applied, in the discretion of the board, to other like goods embraced in different importations, great embarrassment and delay might ensue. It could scarcely have been the intention of Congress to oblige the board to take such voluminous evidence de novo in every case arising before it, similar cases often running into the thousands. One of the objects of the customs administrative act was to simplify the collection of the revenue and afford importers a speedy determination of controversies relating to it, and to produce uniform classification of imports. Section 15 of said act has, therefore, carefully provided that "all the evidence taken by and before said appraisers shall be competent evidence" on appeal to the Circuit Court. The decisions of the courts have also established the soundness of the board's practice in this respect. In Klipstein's case on zinc dust, G. A. 4744 (T. D. 22415), the board expressly based its finding in part on the evidence taken in a former case, and its decision was affirmed by both the Circuit Court and Circuit Court of Appeals; and on more than one occasion judges have openly declared that they were guided to some extent in deciding customs cases before them by their knowledge of testimony taken in other cases. Field v. United States (90 Fed. Rep., 412, 33 C. C. A., 138, 139); Sullivan v. Robertson (37 Fed. Rep., 778, 779).

This statement by Judge Somerville, which very succinctly and clearly justifies the procedure upon behalf of the Board of General Appraisers therein considered, is not precisely applicable to these cases on appeal to this court.

Any knowledge of the enormous number of protests necessary of decision by the Board of General Appraisers and the character of those protests certainly warrants the summary procedure adopted by the board. Without it their already onerous labors would not only be greatly multiplied, but would be beyond the possibility of performance by any similar number of officials.

The statutory requirements defining the duties of this court, however, when taken into consideration with the condition surrounding the procedure in these cases, does not enable this court from this record to perform those duties incumbent upon it by the law. By the organic act creating this court we are to review not alone the law but the facts presented upon appeal here when the findings of the board are made an issue.

In this case, as shown by the decision of the board, they reached their conclusion upon authority of G. A. 7078 (T. D. 30826). This resulted, as indicated by the board in its decision, that though the testimony introduced in this record might tend to establish a conclusion contrary to that reached by the board in the previous case, nevertheless, the board did not consider this testimony sufficient to outweigh its findings in another case, which findings were, of course, reached by virtue of the testimony in the other case. The very course of the board indicates, as is shown by this record, that the testimony in this record might prompt upon behalf of the board itself another conclusion than that reached by it, were it not strengthened by testimony in the other case which it had previously heard, considered, and decided.

In order to enable this court, however, to review that finding of fact by the board which is made an issue upon this appeal it is essential that the court should have before it all the testimony which influenced the board's conclusion and ultimate finding of fact before this court can fairly or justly review that finding. That testimony is not a part of this record, and so far as this record speaks there is before us that testimony alone which the board in its opinion indicates is contrary to its conclusion, and which it, therefore, impliedly finds sustains a contrary finding. That being the only testimony in the case before this court we must measure the findings of the board by the testimony before us, which under the circumstances of this record can lead to no other possible conclusion than that they are unsupported by the evidence in the record.

It is obvious that if this court holds presumptively true and conclusive a finding of the Board of General Appraisers which is supported merely by citation of other findings in another case that such practice would not be a review by this court of all the testimony supporting the board's conclusion, but would be accepting and making final by this court a prior decision of the Board of General Appraisers from which no appeal had ever been taken and the testimony supporting which is not before the court.

This brings us to a consideration of the cases cited in the opinion of Judge Somerville. It is stated in G. A. 4744 (T. D. 22415), the United States Circuit Court for the Southern District of New York and

the United States Circuit Court of Appeals for the Second Circuit approved that course upon the part of the board. What the courts did in that case is shown by the decision of Judge Somerville not to have been done in this case. In that case it is stated in the opinion of Judge Somerville, in G. A. 4744 (T. D. 22415), as follows:

> We may add that in the trial of these cases all the testimony admitted in the Circuit Court or Circuit Court of Appeals in the Roessler case, *supra*, was received by the board as evidence, and some additional testimony was taken, both by the Government and the importers.

So that there was in that case the whole record upon which the board's previous decision was rendered for review by the Circuit Court and Circuit Court of Appeals. As to advertance by the court in the other cases cited by the learned judge, they were cases which had come under observation of the appellate court itself, had been reviewed by it, and were, therefore, decisions in which the records themselves were before that court for examination in conjunction with the decision rendered therein as explanatory thereof should the court so desire. But in these cases there is not before this court the testimony which controlled the Board of General Appraisers in its decision.

The board in the course of its experiences in the trial of these numerous cases has recognized the serious character of this situation, and by Rule XXXIV, which it was expressly empowered to enact by Congress, they put in concrete form a method of procedure which would seem to apply fairly and justly to all parties concerned and meet the requirements of the situation. That rule, in a word, provides that records in previous cases can upon motion of either party or the general appraiser be made a part of the record, but that there shall be the right of cross-examination of the witnesses. Such a rule makes for the early determination of customs cases, and affords all parties concerned a fair opportunity to be heard.

Whilst we are not here deciding that the board may not rely upon its findings in other cases in the course of its necessarily summary determinations, the very organic act of this court compels us to the conclusion that, when a review of the finding of facts is here invoked, this court is unable to do so unless at least there is incorporated within the return of the board, and made a part of the record in this court, all the testimony and evidence considered and given any weight by the board in making that finding.

Under the circumstances we have no other recourse than to reverse the cases and remand them for a new trial. Accordingly the decision of the board is *reversed,* and so remanded.