SHALLUS *v.* UNITED STATES (No. 221).[2]

SAMPLE NOT PART OF IMPORTATION.

There was only one witness for the importer, and it is not made to appear that the sample of merchandise he had examined and testified concerning was in fact a sample of the importation, and so properly representative of the goods in question. The board on that showing declined to disturb the collector's finding of a classification; and that finding for the same reason will not be disturbed here.

United States Court of Customs Appeals, March 20, 1912.

TRANSFERRED from United States Circuit Court, Southern District of Maryland, Abstract 17667 (T. D. 28626).

[Affirmed.]

*Comstock & Washburn* for appellant.

*Wm. L. Wemple,* Assistant Attorney General (*Wm. A. Robertson* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise here involved is old gunny bagging, which was entered at the port of Baltimore in 1899 and 1900. The decision of the Board of General Appraisers was rendered December 12, 1907, appeal therefrom was taken to the Circuit Court for the District of Maryland, and before hearing there the case was duly removed to this court.

---

[1] Reported in T. D. 32316 (22 Treas. Dec., 418).
[2] Reported in T. D. 32347 (22 Treas. Dec., 475).

The merchandise was returned for duty by the appraisers at Baltimore as waste not specially provided for under paragraph 463 of the tariff act of 1897, and was so classified by the collector.

The only claim urged by the importer is that the merchandise is entitled to free entry as rags not specially provided for under paragraph 648 of the same act.

The case involves the protests as to four different entries. The board certifies that the official sample in one protest only is returned to this court.

The only witness introduced before the board was Mr. J. C. Murphy, examiner of merchandise at the port of Philadelphia, who testified on behalf of the importer. The only sample of gunny bagging to which his attention was called was one produced by the importer, but this was not identified as being representative of any of the importations now before us. While the testimony of this witness in answer to some questions appears to relate to the merchandise covered by the protests, yet, on the whole, it is clear, and it is not otherwise claimed, that his testimony in fact relates only to merchandise examined by him at Philadelphia. This probably arises from the fact, which appears to be undisputed, that the protests in this case were heard by the board at Philadelphia with certain other protests in a case where John L. Vandiver was protestant in which the witness had examined and passed the importations.

It is urged on the part of the importer that the merchandise, which Examiner Murphy had in mind and concerning which he gave testimony which might have warranted the reversal of the board if it had related to the merchandise here involved, was identical with the importations in this case, and therefore that his evidence should be treated as applicable thereto. It is sufficient answer to this contention to say that such identity is not shown by the record and is not conceded.

The board in the case at bar says:

Certain samples were submitted at the hearing as representing the merchandise under consideration, but the testimony fails, in our judgment, to satisfactorily verify them as correct * * *. We have examined the testimony of the only witness introduced at the hearing, who was the examiner of merchandise at the port of Philadelphia. The witness was unable to state that the importer's samples properly represented the goods. The onus being on the importer to show that the classification of the collector is incorrect and that the goods are rags within the meaning of paragraph 648 of said act, we are of opinion that the preponderance of the testimony is against his contention.

From what we have stated it is manifest that it must be held this decision is correct, at least so far as relates to the three protests of which there is no sample before us.

As to the protest in which an official sample of the merchandise is before us, it may be observed that this was also before the board, and

it was not found to be of sufficient probative force to warrant a reversal of the assessment by the collector. We are unable to say from an examination of the same sample that the decision of the board was not also correct as to that.

This case was argued at the September term, 1911, and an opinion handed down reversing the decision of the Board of General Appraisers. This disposition of the case was reached upon the understanding that the testimony of the witness, Murphy, related to the importations in the case before us and that he had examined and passed the same. Such misunderstanding arose by reason of the state of the record and by reason of the further fact that the true application of the evidence was not pointed out in the Government's brief. It is suggested that in the oral argument this was done, and it may have been, but, if so, the fact was lost sight of when the opinion was written. Soon after handing down the first opinion, however, the matter was called to our attention and a reargument ordered *sua sponte.*

The judgment of the Board of General Appraisers is *affirmed.*