UNITED STATES *v.* LUN CHONG & Co. *et al.* (No. 953).[1]

1. RECORD IN ANOTHER CASE AS EVIDENCE.
    The mere citation of a previous decision of the board does not, in the absence of any offer anew of the record in the former case establish that the facts are the same in each.—United States *v.* Oberle (1 Ct. Cust. Appls., 527; T. D. 31545).  Nor can the former case on such bare citation be held *stare decisis*.

2. PRESUMPTION AS TO COLLECTORS' FINDING.
    The only evidence here going to sustain the board's finding consists of the samples, unsupported by any testimony that the leather, which is the component material of chief value, is leather made from the hides of cattle of the bovine species.  This in itself is insufficient.—Shallus *v.* United States (3 Ct. Cust. Appls., 52; T. D. 32347).

United States Court of Customs Appeals, December 16, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28609 (T. D. 32560).

[Remanded.]

*William L. Wemple*, Assistant Attorney General (*William A. Robertson*, special attorney, of counsel; *Charles D. Lawrence*, special attorney, on the brief), for the United States.

*McLaughlin, Russell, Coe & Sprague* (*Edward P. Sharretts* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:
    The merchandise involved in this case consisted of two importations of Chinese shoes, returned by the appraiser as leather shoes, and assessed for duty under paragraph 451 of the act of 1909.  The protest claimed the goods to be dutiable under paragraph 450 as shoes of chief value of leather made from hides of cattle of the bovine species.  The protest was sustained, and the basic question pre-

---

[1] Reported in T. D. 33041 (23 Treas. Dec., 611).

sented on this record is whether there was support in the record for this finding. The collector's action being presumptively correct, has that presumption been overcome by sufficient testimony in the present case?

There was no testimony offered in the case other than the protest and the return of the appraiser, and apparently a citation of the case reported in Abstract 27222 (T. D. 32046), and the samples of shoes presented. The opinion of the board states:

The cases are submitted on the part of protestants for decision on the appraiser's reports and Abstract 27222 (T. D. 32046), and inasmuch as there was no objection on the part of the Government to such submission, it is tantamount to an admission that the shoes involved are similar to those which were the subject of said Abstract decision 27222, and we therefore sustain the claim for duty at 10 per cent ad valorem.

The record in the case cited was not introduced in evidence. It is obvious that the mere citation of a previous decision of the board does not, in the absence of any offer of the record in the former case, establish that the same facts exist in each. Under rule 34 of the board it is incumbent upon a party, desiring to have the testimony of a case previously decided considered, to proceed by motion. See United States *v.* Oberle (1 Ct. Cust. Appls., 527; T. D. 31545).

It is not contended in this court by counsel for the importer that standing alone the mere submission of a case by reference to a former case imports into the present record the testimony in the former case. But it is said that as the record shows that the collector in his letters transmitting the protests reports that the merchandise in the instant case is like that in the case cited, the former case should be held *stare decisis*. This is carrying the rule of *stare decisis* further than the law justifies. When the present issue came on for trial, the presumption that the collector's action was correct obtained. It was incumbent on the importer, therefore, to overcome this presumption. The citation of a former case did not challenge the attention of the Government to the claim that the testimony in that case was to be made the basis of a decision in the present. The questions of fact arising in the case at bar must be determined upon the record here made up, and the only evidence found in the present record which goes to sustain the finding of the board consists of the bare samples themselves, unsupported by any testimony that the leather which is the component material of chief value is leather made from the hides of cattle of the bovine species. This in itself is insufficient. See Shallus *v.* United States (3 Ct. Cust. Appls., 52; T. D. 32347).

We are unable to find, therefore, that this record is sufficiently complete to justify the finding of the board.

The error seems to have been an error of law on the part of the board, which did not necessarily go to the merits of the case. It · was an attempt to extend the authority of the previously decided case further than the law justifies. In such a case, we think the proper course to pursue is to remit the record for a new trial of the issue, as was done in the two cases of United States v. Oberle (1 Ct. Cust. Appls., 527; T. D. 31545) and Sheldon v. United States (2 Ct. Cust. Appls. 51; T. D. 31594).

The judgment of the board is *reversed* and the case remanded.