UNITED STATES *v.* ARNOLD & Co. (No. 1027).[1]

TRAVELING SETS.
 There is no evidence here to overcome the presumption in favor of the collector's classification and assessment. It is not made to appear that no manicure, sets whatever, together with the leather cases or holders thereof, mentioned in paragraph 452, tariff act of 1909, could constitute a traveling or other similar set within the meaning of the last clause of that paragraph; and this could not be assumed as a matter of law.

United States Court of Customs Appeals, February 28, 1913.

APPEAL from Board of United States General Appraisers, Abstract 28370 (T. D. 32488).
 [Reversed.]
 *William L. Wemple,* Assistant Attorney General (*Leland N. Wood,* assistant attorney, of counsel), for the United States.
 *Brooks & Brooks* for the appellees.

 Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The importers, although represented by counsel upon the docket of the court, have not submitted a brief or made any oral argument before us in this case, having stipulated on their part to submit the case upon the decision of the Board of General Appraisers.

It appears from the record that certain merchandise was entered by the importers at New York, December 8, 1910. It was found by the appraiser to consist of leather cases fitted with manicure sets and returned for duty as fitted leather cases at 50 per cent ad valorem under the last clause of paragraph 452 of the tariff act of August 5, 1909, and was so assessed.

---

[1] Reported in T. D. 33267 (24 Treas. Dec., 417).

This paragraph reads as follows:

452. Bags, baskets, belts, satchels, card cases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather, not jewelry, and manufactures of leather, or of which leather is the component material of chief value, not specially provided for in this section, forty per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon and similar sets, fifty per centum ad valorem.

The importers' protest claims the merchandise was dutiable at 40 per cent ad valorem under the first clause of the paragraph, and also contains other claims, but as they seem to rely wholly upon the judgment of the Board of General Appraisers in their favor that the merchandise was dutiable under the first clause in the paragraph we make no reference to the other claims. No sample of the merchandise was retained by the customs officers, and the plain inference from the record is that none was before the board when the protest was heard, neither was any testimony offered there. There is nothing of record from which we can learn of how many pieces or of what materials these sets were made, although of common knowledge we may perhaps assume that some parts or items of each set were of steel.

We copy the opinion of the board:

McClelland, General Appraiser: The appraiser states in his special report on this protest that the merchandise consists of leather cases fitted with manicure sets. Duty was assessed thereon as fitted leather cases at 50 per cent ad valorem under paragraph 452 of the tariff act of 1909.

The board has held that manicure sets were not permanently fitted traveling or other similar sets, but were articles in chief value of leather and therefore subject to duty at the rate of 40 per cent ad valorem under paragraph 452 of the tariff act of 1909. Abstract 28370 (T. D. 32488.)

The protest is sustained and the decision of the collector reversed.

The Government appealed.

We have examined the published Treasury decision mentioned in the board's opinion, and therefrom learn that, among other merchandise involved in that case, were certain manicure sets which had been classified as fitted leather cases. Of what these sets were made or of how many items composed does not appear. The material part of the published opinion of the board in that case, by McClelland, General Appraiser, was as follows:

From the description of these articles given by the only witness examined and from an examination of the samples we are satisfied that they are not permanently fitted traveling or other similar sets, and we so find. Each item is unquestionably in chief value of leather.

When the case at bar came before the board for hearing there existed a legal presumption that the classification and assessment of the collector was correct, and, so far as any question of fact was therein involved, evidence was required to overcome such presumption.

That evidence *might*, in the absence of all other, be furnished by the importation itself or by a sample thereof. Krusi *v*. United States

(1 Ct. Cust. Appls., 168; T. D. 31213); Knauth *v.* United States (1 Ct. Cust. Appls., 178; T. D. 31216).

So far as any finding of fact is embodied in the collector's action, there is absolutely no evidence in this case to overcome such presumption.

It is apparent that the board assumed without any evidence, if it considered any question of fact material to the determination of the case, that the manicure sets involved here were substantially like, if not identical with, the sets it saw in the decision referred to.

It must have been assumed, as a matter of law, that no manicure sets whatever, together with the leather cases or holders thereof mentioned in the paragraph, could constitute a traveling or other similar set within the meaning of the last clause thereof.

We do not think, in the absence of all proof as to what are traveling or similar sets, and with no evidence whatever as to how, by whom, or when or where these manicure sets were used or designed to be used, this construction of the statute can be upheld on a record so meager and unsatisfactory as that before us.

So far as we are at present advised, there may be leather cases or other holders mentioned in the paragraph permanently fitted and furnished with manicure sets that may be dutiable under the last clause thereof, and we are unwilling to blindly follow the apparent views of the board upon this subject, with no further enlightenment than the record in this case affords.

The judgment of the Board of General Appraisers is *reversed.*