claim should be upheld. As stated, the ore is in its crude natural condition except for the fact that it has been ground. Grinding is one of the processes which is expressly mentioned as a manufacturing process in paragraph 626, and it has advanced the condition and probably the value of the merchandise. The logical conclusion therefore is, no other applicable statute having been pointed out, that it is dutiable under paragraph 480 as a nonenumerated article partly manufactured. That paragraph having been invoked in the importers' protest, and the conclusion reached being that neither the collector's assessment nor that ordered by the board can be sustained, the result is that the judgment of the Board of General Appraisers is *reversed,* with direction that the entries be reliquidated in accordance with the views herein expressed.

---

## UNITED STATES *v.* QUONG CHUN & Co. (No. 1295).[1]

**EVIDENCE IN ONE CASE EMPLOYED TO DETERMINE ANOTHER.**

The testimony relied upon as taken in a former case should have been, after due notice, ordered into the record here. Failure to do this was a substantial irregularity, since it deprived Government's counsel of the opportunity to present opposing testimony.—United States *v.* Lun Chong (3 Ct. Cust. Appls., 468; T. D. 33041).

### United States Court of Customs Appeals, March 25, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33806 (T. D. 33789)

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *William A. Robertson,* special attorney, on the brief), for the United States.

Submitted on record by appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in this case consists of human hair, which was assessed for duty under paragraph 442 of the tariff act of 1909 as human hair, cleaned and drawn, but not manufactured, at 20 per cent ad valorem. The board sustained the protest, which claimed the goods entitled to free entry under paragraph 583, which provides for human hair, raw, uncleaned, and not drawn. No testimony was introduced on the hearing. The board in deciding the case held:

The collector in his report states that the merchandise in question is represented by a sample in Chee Chong & Co.'s case, Abstract 33188 (T. D. 33660), protest 581114. The testimony taken at the trial of that case shows that the sample was uncleaned and undrawn. Following Chee Chong & Co.'s case, *supra,* the protests are sustained and the collector directed to reliquidate the entries admitting the hair free of duty.

It would appear that the board relied upon the testimony taken in a former case in deciding the present case, and this action is assigned as error.

---

[1] Reported in T. D. 34326 (26 Treas. Dec., 556).

The same question was presented to this court in United States *v.* Lun Chong (3 Ct. Cust. Appls., 468; T. D. 33041), in which case it was held that the questions of fact arising in a case must be determined upon the record in that particular case, and that inasmuch as the only evidence found in the record which went to sustain the board consisted of bare samples, and the court was unable to determine from the samples any fact which justified overturning the action of the collector, error was committed.

The same reasoning applies to the present case. It would have been better practice for the board, upon finding itself called upon to rely upon evidence in any other case, to have acted under its rules and ordered this testimony into the record, giving a proper notice to the Government attorneys. We assume that the failure to do this was an oversight, and we are compelled to hold that this irregularity is substantial, as it deprived Government's counsel of the opportunity to present opposing testimony.

We are unable to determine from an inspection of the sample that the importation consists of human hair, uncleaned and not drawn. We are constrained, therefore, to *reverse* the decision of the board and *affirm* the action of the collector.