UNITED STATES *v.* BURLEY & TYRRELL Co. (No. 1369).[1]

1. BOARD'S FINDING ON JUDICIAL NOTICE TAKEN.

The question at issue was whether the stem or the bowl of the imported glassware constitutes value in chief of the merchandise. The relative values were not shown by the testimony. Evidence taken on the hearing of other protests and regarded as material must be offered and received in conformity with established rules and after opportunity has been afforded counsel to reëxamine or cross-examine witnesses.

2. IBID.

And as there was no proof 'actually before the board upon which a conclusion could be rested that molded and not blown glass was the component material of chief value, the knowledge of the board itself could not support its conclusion.

United States Court of Customs Appeals, November 18, 1914.

APPEAL from Board of United States General Appraisers, Abstract 35264 (T. D. 34321).

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Leland N. Wood,* special attorney, of counsel), for the United States.

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Certain glassware imported at the port of Chicago was classified by the collector of customs as composed in chief value of blown glass and assessed for duty at 60 per cent ad valorem under the provisions of paragraph 98 of the tariff act of 1909, which, in so far as pertinent, reads as follows:

98. Glass bottles, * * * and all articles of every description, including bottles and bottle glassware, composed wholly or in chief value of glass *blown either in a mold or otherwise,* * * * sixty per centum ad valorem; * * *.

---

[1] Reported in T. D. 34938 (27 Treas. Dec., 520).

The importer protested that the goods in question were not composed in chief value of blown glass and claimed that the merchandise should have been assessed for duty at 45 per cent ad valorem as manufactures of glass under paragraph 109 of said act which, in so far as applicable, reads as follows:

109. * * * All glass or *manufactures of glass* or paste, or of which glass or paste is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

The Board of General Appraisers found that the importation was not composed wholly or in chief value of glass blown either in the mold or otherwise and sustained the protest of the importer. The Government appealed, and now contends that the decision of the board should be reversed on the ground that the evidence adduced at the hearing was insufficient to justify the conclusion that the merchandise in question was not in chief value of blown glassware, as found by the collector.

As we read the record, the evidence shows that the bowl of the glassware is blown by an apprentice. The stem and foot are then molded by skilled workmen, either from the hot glass drawn from the bottom of the bowl or from separate pieces of hot glass which are subsequently attached.

From the fact that the bowl is blown by an apprentice and that the stem and foot are shaped by a skilled artisan it might be inferred that the cost of the labor of blowing the bowl was less than the cost of the labor of molding the stem and the foot, but from those relative values, standing alone, it can not be deduced that the stem and foot were the components in chief value of the goods imported. In determining the constituent of chief value entering into the composition of any article of merchandise not only the value of the labor employed in making such constituent but also the value of the material used in its manufacture, must be taken into account. To overcome the classification of the collector and to rebut the presumption of correctness attaching to his decision, it was therefore incumbent on the importer to show not only the value of the labor employed in making the blown glass and the molded glass, but also the value of the material actually employed in the blown and in the molded components of the merchandise.

According to the testimony, the bowls of some stem glassware contains more glass than that found in the stem and foot. In others, however, more glass is found in the stem and foot than is found in the bowl. To which particular class the importation belongs was not shown by the evidence, and we are left without information as to the relative quantities of glass used in making the bowls and the stems and feet of the glassware imported. Witness Coleman did

testify that "the cost of the article chiefly is in the making of this foot and this stem," but whether he meant by that the cost of the labor alone or the cost of both labor and material is not at all clear. Inasmuch as the witness, however, in the testimony which preceded the statement just referred to, confined himself to the value of the labor and failed to specify which component of the importation contained the greater quantity of glass, we incline to the opinion that he was testifying to the relative values of the labor and not to the relative values of the labor and material. In this view we are confirmed by the finding of the board that the relative values of the blown and molded glass were not shown and by the fact that the decision appealed from seems to have been based not on the testimony but on the knowledge of the board that blown glass was not chief value. Whether that knowledge was derived from the trial of similar protests in other cases or from long experience in dealing with stem glassware does not appear. But, whether derived from one source or the other, such knowledge was not competent evidence which could be legally made the basis of the board's decision, and it therefore must be disregarded on appeal. Evidence taken on the hearing of other protests and regarded by the board as material to the determination of a pending controversy must, before it can be considered by the board, be offered and received in evidence in conformity with the rules in such cases made and provided and after an opportunity has been afforded to counsel to reexamine or cross-examine the witnesses. Rule 34, Board of General Appraisers; United States *v.* Oberle (1 Ct. Cust. Appls., 527, 528; T. D. 31545); United States *v.* Lun Chong & Co. (3 Ct. Cust. Appls., 468, 469; T. D. 33041).

In this case the component material of chief value was not a matter of which the board could take judicial notice, and the board's expert knowledge of the merchandise, if it had any, could not of course be utilized by it in reaching a decision. To hold otherwise would deprive the protestants of the right of cross-examination of adverse witnesses and would effectually block the review by this court of the facts on which the decision was based.

As, in this case, the knowledge of the board, whether derived from its own experience or from testimony adduced at other hearings, can not be considered as evidence, and as there was no evidence showing the relative values of the constituent parts of the merchandise, we think the board had nothing before it upon which it could safely or legally rest the conclusion that molded and not blown glass was the component material of chief value.

The decision of the Board of General Appraisers must therefore be *reversed.*