WANAMAKER *v.* UNITED STATES (No. 1425).[1]

PLATE POWDER—APPRAISER'S REPORT—ABSENCE OF TESTIMONY.

The record contained no testimony concerning the character, use, or component materials of the article imported and there was no sample before the board. A reference by the appraiser in his report to the similarity of the merchandise to other merchandise involved in another case could not serve as a basis for holding the goods the same. There being no proof of what the importation actually was the assessment was properly sustained.

United States Court of Customs Appeals, March 25, 1915.

APPEAL from Board of United States General Appraisers, Abstract 35803 (T. D. 34548).

[Affirmed.]

*Comstock & Washburn* for appellant.

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

This case relates to an article bearing the trade name of "Goddard's Plate Powder," the present importation having been made under the tariff act of 1909.

The appraiser reported the powder to be "an article composed in chief value of earthy or mineral substance," dutiable as such at the rate of 35 per cent ad valorem under paragraph 95 of that act. Duty was thereupon assessed by the collector in accordance with this advisory return.

---

[1] Reported in T. D. 35271 (28 Treas. Dec., 517).

The importer protested against the assessment, claiming duty upon the article at the rate of 25 per cent ad valorem as a chemical mixture under paragraph 3 of the act, or alternatively at the rate of one-fourth of 1 cent per pound upon the article as whiting by similitude under paragraph 54 of the act.

The protest was submitted by the collector to the appraiser for his special report, whereupon the appraiser reported as follows:

The merchandise consists of Goddard's Plate Powder, returned for duty at 35 per cent ad valorem (par. 95). In view of T. D. 32961, holding such merchandise dutiable by similitude to whiting, it is now the practice of this office to return such merchandise as a chemical mixture at 25 per cent ad valorem (par. 3, act of 1909).

The collector thereupon forwarded the protest and other files to the Board of General Appraisers, together with the following special report:

Respectfully referred to the Board of United States General Appraisers for decision.

The assessment of duty protested against was made in accordance with the return of the appraiser on the invoice, as stated in his special report herewith.

In view of said report the protest appears partly valid, and this office stands ready to reliquidate accordingly, if authorized by your board.

In order to understand the foregoing reports it is necessary to note that T. D. 32961, cited by the appraiser, contains the decision of this court in the case of Bartley Bros. & Hall v. United States (3 Ct. Cust. Appls., 363; T. D. 32961). In that case the court held upon the record that Goddard's Plate Powder was dutiable under the tariff act of 1909 at the rate of one-fourth of 1 cent per pound by similitude with whiting under paragraph 54 of the act, and not at the rate of 35 per cent ad valorem as an article composed in chief value of earthy or mineral substance under paragraph 95, nor at the rate of 25 per cent ad valorem as a chemical mixture under paragraph 3. In a later Treasury decision (namely, 33319), the Treasury Department issued a letter of instructions to collectors of customs advising them of the foregoing decision of the court in favor of the assessment of Goddard's Plate Powder by similitude with whiting, but directing the collectors, nevertheless, to assess the articles as a chemical mixture in order that a new record might be presented to the court upon more complete proofs. These instructions, however, were soon followed by the decision of this court in the case of United States v. Kraemer & Co. (4 Ct. Cust. Appls., 433; T. D. 33858), wherein, upon a fuller record, the court again held Goddard's Plate Powder to be dutiable under the same act by similitude with whiting, and not as a chemical mixture nor as an article composed in chief value of earthy or mineral substance.

The foregoing recitals tend to explain the official statement of the appraiser to the collector that " in view of T. D. 32961 holding such merchandise dutiable by similitude to whiting, it is now the practice of this office to return such merchandise as a chemical mixture."

It also tends to explain the official statement of the collector to the board that "in view of said report the protest appears partly valid, and this office stands ready to reliquidate accordingly, if authorized by your board," the collector evidently meaning that his office stood ready to assess the merchandise as a chemical mixture in accordance with the department's instructions contained in T. D. 33319.

The protest, accompanied by the foregoing official reports, was submitted without testimony to the Board of General Appraisers and the same was overruled, the board saying:,

The classification of the merchandise is a little uncertain, and upon so incomplete a record as the one in the case at bar we do not feel warranted in changing the action of the collector

Within due time a motion for a rehearing was filed by the protestant with the board which decided the case, asking for an "opportunity to prove that the merchandise is identical with that which was the subject of T. D. 33319, and that it is a chemical compound or mixture as therein described." This motion was overruled by the board. The petition in error filed by the appellant in this case does not, however, assign the overruling of the motion as error; consequently the court does not undertake to review that action of the board as part of this appeal. This statement, however, is not intended to imply that this court is absolutely without authority to consider and pass upon the board's decision upon the motion even without a specific assignment of error in that behalf.

It is clear that the record in this case failed to sustain the claim in the protest for an assessment of the present article by similitude with whiting, since it contained no testimony concerning the character, use, or component materials of the article itself, nor was there even a sample of the merchandise before the board. The protestant seems to have relied respecting those facts upon the statement of the appraiser that the article in question was "such merchandise" as was before this court in T. D. 32961—that is to say, the case of Bartley Bros. & Hall *v.* United States, *supra*, wherein the merchandise was held upon proof to be dutiable as whiting by similitude. But this reliance of the importer was not justified by the approved procedure in such cases, as witness the following extract from the case of United States *v.* Lun Chong & Co. (3 Ct. Cust. Appls., 468–470; T. D. 33041):

It is not contended in this court by counsel for the importer that standing alone the mere submission of a case by reference to a former case imports into the present record the testimony in the former case. But it is said that as the record shows that the collector in his letters transmitting the protests reports that the merchandise in the instant case is like that in the case cited, the former case should be held *stare decisis*. This is carrying the rule of *stare decisis* further than the law justifies. When the present issue came on for trial, the presumption that the collector's action was correct obtained. It was incumbent on the importer, therefore, to overcome this

presumption. The citation of a former case did not challenge the attention of the Government to the claim that the testimony in that case was to be made the basis of a decision in the present. The questions of fact arising in the case at bar must be determined upon the record here made up, and the only evidence found in the present record which goes to sustain the finding of the board consists of the bare samples themselves, unsupported by any testimony that the leather which is the component material of chief value is leather made from the hides of cattle of the bovine species. This in itself is insufficient. See Shallus *v.* United States (3 Ct. Cust. Appls., 52; T. D. 32347).

In accordance with the foregoing authorities the board acted within the correct rule when it refused to find the article to be whiting by similitude merely because the appraiser had referred to the merchandise as similar to other merchandise which had been thus classified upon evidence in a former case.

The importer contends that the board, even without sample or evidence, should have held the present merchandise to be dutiable by similitude with whiting, because of the fact that in certain former cases this court, upon evidence therein submitted, held that similar merchandise was thus dutiable. In that behalf the importer's brief says:

If there is anything in the doctrine of *res adjudicata* which the board is called upon to respect at any time, this would seem to have been the time. This court has twice adjudicated the classification of this precise merchandise. The right of any party litigant to make up a new record in the face of adverse adjudication may be exercised at will, but there is no new record here.

In answer to this argument it may be noted that this court in fact did twice adjudicate the classification of this precise merchandise, but in both instances the court acted upon certain testimony which was contained in the respective records of those cases. The contention of *res adjudicata* in the present case would therefore be valid and applicable if the former testimony were also contained in the present record. That testimony, however, is not contained in the present record nor is there any testimony at all in this record. Therefore the importer is incorrect when he says, "but there is no new record here." The total omission of the testimony contained in the former cases from the present record constitutes this record essentially a "new record," as compared with those already adjudicated by the court.

It is of course well known that the former testimony could have been incorporated in the present record by the board had either party presented a motion to the board to that effect.

For the reasons thus stated the court would not be justified in disturbing the official assessment. This conclusion is not intended at all to reflect or pass upon the question of the true and correct classification of the present article for duty, but it results simply from the total absence of evidence from the record, so that the court

is unable in this case to pass upon the question of the correct classi-fication of the merchandise.   In such a case the official assessment of the merchandise must remain undisturbed.

The decision of the board is *affirmed.*