UNITED STATES *v.* SHELDON & Co. (No. 2519)[1]

1. EVIDENCE.

The testimony of a witness that the goods at bar were the same as those involved in a certain other case is not evidence.

2. EVIDENCE—JUDICIAL NOTICE.

While it is true that the Board of United States General Appraisers may overrule the collector with nothing before it but the papers and sample, this is subject to the qualification that the sample must be such that its characteristics are within the judicial knowledge. Without expert testimony the court is unable to determine whether or not the revolving cellulose fans oper-

---

[1] T. D. 40880.

ated by metal push-button mechanisms, at bar, are in chief value of cellulose and so dutiable as assessed under paragraph 31, Tariff Act of 1922. The board should have overruled the protest, claiming them to be miscellaneous metal articles under paragraph 399 or fans under paragraph 1422.

## United States Court of Customs Appeals, May 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 48192

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*John G. Lerch*, special attorney, of counsel), for the United States.
*Curtis E. Loehle* for appellees.

[Oral argument Apr. 20, 1925, by Mr. Lerch]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The goods imported in this case consist of small revolving cellulose fans, operated by metal push-button mechanisms. The collector classified the same for duty at 60 per centum ad valorem as fans, in chief value of cellulose, under paragraph 31, Tariff Act of 1922, which is as follows:

31. Compounds of pyroxylin, of other cellulose esters or ethers, or of cellulose, by whatever name known (except compounds of cellulose known as vulcanized or hard fiber), in blocks, sheets, rods, tubes, or other forms, and not made into finished or partly finished articles, 40 cents per pound; made into finished or partly finished articles, of which any of the foregoing is the component material of chief value, 60 per centum ad valorem: *Provided*, That all such articles (except photographic and moving-picture films), whether or not more specifically provided for elsewhere, shall be dutiable under this paragraph.

The importers protested, claiming the goods to be dutiable under paragraph 1422, as fans, at 50 per centum ad valorem, or, alternatively, under paragraph 399, as articles in chief value of metal, at 40 per centum ad valorem. Paragraphs 1422 and 399 are as follows:

1422. Fans of all kinds, except common palm-leaf fans, 50 per centum ad valorem.

399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

On the hearing before the Board of General Appraisers, the only testimony was that of Lawrence W. Cole, a witness for the importer. He testified as follows:

Q. And did you also examine the merchandise which was the subject of protest, decision in which case was rendered under Abstract 46988?—A. If I remember right, was that the one sent to New York?

Q. Yes, sir.—A. I did.

Q. In what respect, if any, does the merchandise involved in the protests now on for hearing differ from that reported in Abstract 46988?—A. No difference.

Q. The component material in chief value, as reported in Abstract 46988, would apply to this merchandise?—A. I think it would.

\* \* \* \* \* \* \*

Mr. CARTER. Is there any difference in the component parts as to value?

Mr. LOEHLE. I think they are all the same.

\* \* \* \* \* . \* \*

Mr. CARTER. Do you know whether the component values, the relative values of the components, remain the same with these shipments as when the previous shipment in 46988 was made?

WITNESS. They are practically the same.

Upon this testimony and with the official sample before it, the court below sustained the protests and overruled the finding of the collector. The finding of the court is thus expressed in its opinion:

At the hearing it was shown that these fans are the same as those passed on by the board in Abstract 46988 (International Forwarding Co.'s case, protest 976842).

Following that authority, we hold these fans dutiable at 40 per centum ad valorem under paragraph 399.

No attempt was made to introduce into the record of this case the record in said Abstract 46988.

The only question in the case is whether there was a sufficient showing before the court below to justify a reversal of the finding of the collector, which was presumptively correct.

It has been heretofore noted that the court below based its decision upon certain proceedings in Abstract 46988. The record and facts in that case were not in evidence before the court below in this case. A similar question arose in *United States* v. *Oberle,* 1 Ct. Cust. Appls. 527, where the court said:

Whether there was any testimony as to commercial designation and whether there was sufficient testimony, if any, upon that point in G. A. 5526 (T. D. 24869) is not apparent from this record, because, as stated, the record in that case was not upon motion of either party, or the general appraiser upon his own motion, incorporated in this record.

Again, in *Wanamaker* v. *United States,* 6 Ct. Cust. Appls. 21, where it was sought to overcome the classification of the collector by reference to the proceedings in a similar case, the court, quoting from *United States* v. *Lun Chong & Co.,* 3 Ct. Cust. Appls. 468, said:

It is not contended in this court by counsel for the importer that standing alone the mere submission of a case by reference to a former case imports into the present record the testimony in the former case. But it is said that as the record shows that the collector in his letters transmitting the protests reports that the merchandise in the instant case is like that in the case cited, the former case should be held stare decisis. This is carrying the rule of stare decisis further than the law justifies. When the present issue came on for trial, the

presumption that the collector's action was correct obtained. It was incumbent on the importer, therefore, to overcome this presumption. The citation of a former case did not challenge the attention of the Government to the claim that the testimony in that case was to be made the basis of a decision in the present. The questions of fact arising in the case at bar must be determined upon the record here made up, and the only evidence found in the present record which goes to sustain the finding of the board consists of the bare samples themselves, unsupported by any testimony that the leather which is the component material of chief value is leather made from the hides of cattle of the bovine species. This in itself is insufficient. (See *Shallus* v. *United States*, 3 Ct. Cust. Appls. 52; T. D. 32347.)

To the same effect is *National Hat Pin Co.* v. *United States*, 5 Ct. Cust. Appls. 435 [439].

The conclusion follows, therefore, that the facts, as shown by the proceedings in Abstract 46988, were not before the court below and are not to be considered here. The case, therefore, must be considered as having been submitted to the court below on the papers therein, the report of the collector and appraiser, and the official sample.

We have held that the Board of General Appraisers may overrule the classification of the collector, where there is nothing before the board except the papers and the official sample. We so held in the following cases: *United States* v. *Perkins*, 1 Ct. Cust. Appls. 323; *United States* v. *Arnold & Co.*, 4 Ct. Cust. Appls. 49.

The doctrine of the cases last above cited, however, is subject to a certain limitation. That limitation is stated in *Krusi* v. *United States*, 1 Ct. Cust. Appls. 168 [169], as follows:

When facts which determine the classification of imported merchandise are ascertainable and ascertained from an inspection of the goods themselves by the Board of General Appraisers, availing itself of the common knowledge and experience of which judicial notice may be taken, it can not be said that there is no evidence to support a finding of such facts. It would seem, however, that when the facts upon which proper classification depend are patent to the eye of the expert only and the board has no record evidence before it as to the nature, kind, and character of the goods, it can not classify them solely on its own expert knowledge and experience, and a finding based exclusively on such · expert knowledge and experience would be without evidence to support it. To hold otherwise would make the board the final judge in many cases of contested classification and would in effect deprive the importer of the right of appeal conceded by Congress.

The board held in the case at bar that the goods imported were not in chief value of cellulose, but in chief value of metal. We have the official sample before us and are unable to say from its inspection what its component material of chief value is. To ascertain this fact requires expert knowledge, and certainly is not a matter of which either the court below or this court will be presumed to have judicial knowledge. In such cases there must be proof in the record. *United States* v. *Lee & Co.*, 9 Ct. Cust. Appls. 111.

It follows that there were not facts sufficient before the Board of General Appraisers to support its judgment, and it is therefore *reversed*.