UNITED STATES v. FRIEDMAN & CO. (No. 2548) [1]

EVIDENCE, ADMISSIBILITY—PRESUMPTION FAVORS COLLECTOR.

The appraiser's report that the merchandise in this case is similar to that in another case does not move into this case the evidence in the other. *United States* v. *Sheldon & Co.*, 13 Ct. Cust. Appls. 53, T. D. 40880. "So-called rotary fans or ventilators composed of celluloid and metal" were reported by the appraiser and conceded by the collector to be articles in chief value of metal, under paragraph 399, Tariff Act of 1922; and the judgment of the Board of United States General Appraisers, sustaining such claim in the protest, is affirmed.

## United States Court of Customs Appeals, December 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 48779

[Affirmed.]

*William W. Hoppin*, Assistant Attorney General, for the United States.
No appearance for appellees.

[Oral argument Oct. 15, 1925, by Mr. Hoppin]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The merchandise in this case was described in the appraiser's report as follows:

The merchandise in question is described as automatic fans, and consists of so-called rotary fans or ventilators composed of celluloid and metal. It was returned for duty at 60% ad valorem under par. 31 of the act of 1922. It is similar in character to the merchandise subject of Abstract 46988, according to which it is dutiable according to the component material of chief value, which is metal, at 40% ad valorem under par. 399 of said act, as amended.

The report of the collector reads:

The merchandise in question consists of so-called rotary fans or ventilators composed of celluloid and metal.

Duty was assessed at 60 per centum ad valorem under paragraph 31 of the act of 1922. However, from the appraiser's report herewith the merchandise would appear to be dutiable at 40 per centum ad valorem under paragraph 399 of said act.

The protest has no claim of 40 per centum.

The importer protested the classification of the collector, claiming that they were dutiable under paragraph 1422 of the Tariff Act of 1922, at 50 per centum ad valorem, or at the appropriate rate according to the component material of chief value, which protest was amended to include the claim that the merchandise should have been assessed

---

[1] T. D. 41252.

under paragraph 399 of the Tariff Act of 1922, as being in chief value of metal.

No testimony was taken, in the case, which was submitted upon the incorporation of the appraiser's report heretofore set out.

The Board of General Appraisers sustained the amended protest and held that "It is similar in character to the merchandise subject of Abstract 46988, according to which it is dutiable according to the component material of chief value, which is metal, at 40% ad valorem under paragraph 399 of the said act, as amended." From this decision of the Board of General Appraisers the Government appeals, conceding that under the ruling in the case of *United States* v. *Sheldon & Co.*, 13 Ct. Cust. Appls. 53, T. D. 40880, there was no testimony before the board to overcome the presumption of the correctness of the appraiser's report that the articles were in chief value of metal and that the objections which were raised in the Sheldon & Co. case had been supplied in the case now before us. In the Sheldon case, supra, the report of the appraiser showed the fans to be in chief value of cellulose.

Here the Government takes the position that since the appraiser's report described the articles as "fans," the issue before us is, Are they fans within the meaning of paragraph 1422, or are they articles or wares not specially provided for, composed wholly or in chief value of metal, as provided for in paragraph 399? And it insists that the word "fans" is more specific than the provision for articles of metal.

. There is no evidence in the record, which we could properly consider, that would justify us in reversing the finding of the board. There are no exhibits in the case. Under the ruling in the Sheldon & Co. case, supra, the testimony and exhibits in Abstract 46988 are not in the record and can not be considered by us.

It will be noted that the appraiser's report described the merchandise as "automatic fans and consists of so-called rotary fans or ventilators composed of celluloid and metal." There is nothing in the report to determine whether the fans are operated by hand or machinery, or whether they are used to ventilate buildings, or coal mines, or what not. It is possible that the importations possess such characteristics as would bring them within paragraph 1422, but, as far as the record shows, they may have characteristics that take them out of the paragraph, even though they be fans.

Since we are not enabled to determine from the record that they are fans within the meaning of the paragraph, the judgment of the Board of General Appraisers must be *affirmed.*