BEFORE THE SECOND DIVISION, MARCH 15, 1946

**No. 50950.**—Protest 10086–K of Electrolux, Inc. (Los Angeles).

TILSON, Judge: The question involved in this suit against the United States is the correct number of pounds upon which duty should be assessed at the rate of 3 percent ad valorem or three-fourths of 1 cent per pound, whichever is lower, under section 3425, Internal Revenue Code. The merchandise consists of 720 Electrolux cleaners, together with certain accessories or attachments, upon the weight of all of which the collector levied duty at three-fourths of 1 cent per pound under the following provision of section 3425, Internal Revenue Code:

* * * All articles dutiable under the Tariff Act of 1930, not provided for heretofore in this section, containing 4 per centum or more of copper by weight, 3 per centum ad valorem or ¾ of 1 cent per pound, whichever is the lower.

The entire importation weighed 15,238 pounds, and the plaintiff claims in its original protest that duty should have been assessed only upon 1,332 pounds, and by amendment "That the assessment of tax on 15,238 pounds on the copper was excessive and that the actual percentage of copper was less than assessed."

At the trial of the case counsel for the plaintiff submitted the testimony of the branch manager of the plaintiff in Los Angeles, Calif. This witness testified in effect that by a visual inspection of the different articles comprising this

importation he determined which articles contained copper and which articles did not contain copper, placed them in separate lots, and weighed them. By these means the witness arrived at the conclusion that the weight of the articles which did not contain any copper, or only a negligible amount, was 4,263.75 pounds. Such evidence is wholly insufficient to overcome the presumption of correctness attaching to the finding of the collector that these articles contained 4 percent' or more of copper by weight. This holding finds support in *Krusi* v. *United States*, 1 Ct. Cust. Appls. 168, from which the following is quoted:

\* \* \* When facts which determine the classification of imported merchandise are ascertainable and ascertained from an inspection of the goods themselves by the Board of General Appraisers, availing itself of the common knowledge and experience of which judicial notice may be taken, it can not be said that there is no evidence to support a finding of such facts. It would seem, however, that when the facts upon which proper classification depend are patent to the eye of the expert only and the board has no record evidence before it as to the nature, kind, and character of the goods, it can not classify them solely on its own expert knowledge and experience, and a finding based exclusively on such expert knowledge and experience would be without evidence to support it. To hold otherwise would make the board the final judge in many cases of contested classification and would in effect deprive the importer the right of appeal conceded by Congress.

With reference to the court determining the component material of chief value, availing itself of the common knowledge and experience of which judicial notice may be taken, our appellate court in *United States* v. *Sheldon*, 13 Ct. Cust. Appls. 53, held as follows:

The board held in the case at bar that the imported goods were not in chief value of cellulose, but in chief value of metal. We have the official sample before us and are unable to say from its inspection what its component material of chief value is. To ascertain this fact requires expert knowledge, and certainly is not a matter of which either the court below or this court will be presumed to have judicial knowledge. In such cases there must be proof in the record.

Until it has been shown by competent evidence that at least some of these attachments or accessories do not contain 4 percent or more of copper by weight, we express no opinion as to whether or not these attachments and accessories should be dealt with separately and apart from that part of the importation which the plaintiff concedes contains 4 percent or more of copper by weight.

All claims of the plaintiff are overruled because of a lack of evidence to establish any of them. Judgment will be rendered accordingly.