## KRUSI v. UNITED STATES (No. 39).[1]

1. APPLIQUÉD COLLARETTES.

Whether collarettes designed to be sewn on women's dresses and intended for wear about the necks of women have been in fact appliquéd or not may be determined by actual inspection, and the court will take judicial notice of the facts in common knowledge and experience that show these articles to have been appliquéd.

2. HOW DUTIABLE.

Appliquéd collarettes, whether in chief value of silk or of cotton, were dutiable, silk collarettes at 60 per cent ad valorem under paragraph 390, tariff act of 1897, and cotton collarettes at the same rate under paragraph 339 of that act.

United States Court of Customs Appeals, January 11, 1911.

TRANSFERRED from United States Circuit Court for Southern District of New York (T. D. 29482).

[Affirmed.]

*Brown & Gerry* for appellant.

*D. Frank Lloyd*, Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

SMITH, Judge, delivered the opinion of the court:

Collarettes designed to be sewed to women's dresses and intended to be worn about the neck were assessed for duty by the collector of customs at the port of New York as silk wearing apparel at 60 per cent ad valorem under paragraph 390 of the tariff act of 1897. The importer protested that the merchandise was dutiable at 50 per cent ad valorem under paragraph 391 as manufactures of silk, or of which silk was the component material of chief value, or at the same rate under paragraph 314 as wearing apparel, neckwear, and so forth, of cotton, or at 45 per cent ad valorem, either as manufactures of cotton or of other vegetable fiber under paragraphs 322 and 347. The Board of General Appraisers overruled the protests, and the importers appealed to the United States Circuit Court for the Southern District of New York, from which court a transfer to this court has been duly perfected in accordance with the provisions of the tariff act of August 5, 1909.

The merchandise was returned by the appraiser as "completed collarettes composed of artificial silk, silk and cotton, silk chief value," subject to duty at 60 per cent ad valorem as silk wearing apparel.

The evidence of the importer is that some of the articles are made of silk and some of them of cotton, but that all of them are collarettes and intended for the same use, namely, to be sewed or pinned to women's dresses and worn about the neck. An inspection of the samples discloses that a piece of cloth cut to shape from a cotton fabric in one case and from a silk fabric in the other, with a small

---

[1] Reported in T. D. 31213 (20 Treas. Dec., 87).

ornament in the center was sewed to the articles after the braids had been given the special form which makes them suitable to be worn about the neck. This addition forms a substantial, permanent part of the merchandise and serves the purpose of relieving what would otherwise be an unsightly space in the pendant portion of the collarettes. Any ornament laid out and applied to a surface in cloth, wood, or metal, is appliquéd within the ordinary meaning of the word. (Standard Dictionary.) From this it follows that whether the collarettes be made of silk or cotton, or both, with either as the component material of chief value, and whether they be silk or cotton wearing apparel, they are dutiable at 60 per cent ad valorem, the rate assessed, either under paragraph 390 or paragraph 339, the material portions of which are as follows:

390. * * * Embroideries and articles embroidered by hand or machinery, or tamboured or appliqued, cloth ready made, and articles of wearing apparel of every description, including knit goods, made up or manufactured in whole or in part by the tailor, seamstress, or manufacturer; all of the above-named articles made of silk, or of which silk is the component material of chief value, not specially provided for in this act, * * * sixty per centum ad valorem.

339. * * * Tamboured or appliqued articles, fabrics or wearing apparel; * * * all of the foregoing, composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for in this act, * * * sixty per centum ad valorem.

Touching the point made by counsel for the importer that there is no evidence in the record showing or tending to show that the goods are appliquéd, it is only necessary to say that admittedly fair samples of the goods were introduced in evidence and that from an inspection of them it was possible for the board, as it is possible for this court, to determine whether or not they are appliquéd. When facts which determine the classification of imported merchandise are ascertainable and ascertained from an inspection of the goods themselves by the Board of General Appraisers, availing itself of the common knowledge and experience of which judicial notice may be taken, it can not be said that there is no evidence to support a finding of such facts. It would seem, however, that when the facts upon which proper classification depend are patent to the eye of the expert only and the board has no record evidence before it as to the nature, kind, and character of the goods, it can not classify them solely on its own expert knowledge and experience, and a finding based exclusively on such expert knowledge and experience would be without evidence to support it. To hold otherwise would make the board the final judge in many cases of contested classification and would in effect deprive the importer of the right of appeal conceded by Congress. In this case an inspection of the goods, aided by nothing more than the facts of common knowledge and experience of which judicial notice may be taken, shows that they are appliquéd, and the finding of the board

to that effect was justified by the evidence which the goods themselves furnished.

The collector, the board, the court below, and this court are all equally entitled to avail themselves of such information as may be derived from an inspection of the articles in connection with the facts of common knowledge and experience, of which judicial notice may be taken. United States v. Strauss (136 Fed. Rep., 185).

The decision of the Board of General Appraisers is *affirmed*.