## SHALLUS v. UNITED STATES (No. 603).[1]

QUESTION OF FACT, WHEN TO BE DETERMINED BY BOARD.

The importation consisted of small pieces of gunny bagging packed in bales, and appropriate samples of the merchandise were exhibited. The proper classification of these goods could be ascertained without expert knowledge on an inspection of them; and the collector's classification should not be taken as conclusive. The goods were rags and as such entitled to free entry under the tariff act of 1897.— Krusi v. United States (1 Ct. Cust. Appls., 168; T. D. 31213); Knauth v. United States (*ibid.*, 178; T. D. 31216); Train-Smith Co. v. United States (140 Fed. Rep., 113).

United States Court of Customs Appeals, January 12, 1912.

APPEAL from Board of United States General Appraisers, Abstract 24670 (T. D. 31236).

[Reversed.]

*Curie, Smith & Maxwell* (*W. Wickham Smith* and *Thomas M. Lane* of counsel) for appellant.

*Wm. L. Wemple*, Assistant Attorney General (*Charles E. McNabb* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in question in this case consists of pieces of old bagging assessed by the collector as waste not specially provided for at 10 per cent ad valorem under paragraph 463 of the tariff act of 1897. It is claimed by the protestants to be free of duty under paragraph 648 of the same act as rags.

The Board of General Appraisers overruled the protests of the importers, and appeal is taken to this court.

The board, in deciding the case, said:

The protests were submitted simply upon certain official samples which were forwarded to the board. Many of these samples are so small as to indicate simply the nature of the material and throw little or no light upon the classification of the goods.

There is a presumption in favor of the correctness of the classification as reported by the appraiser and made by the collector. No evidence is given by either of the importers that they ever made a personal examination of a single bale among the hundreds involved in these protests, and no testimony was offered in support of any one of the contentions made, outside of the samples themselves. The practice of the board has been not to reverse the classification of the collector in cases of this kind unless the importer supports his contentions by proper testimony. The board is not called on to exercise expert testimony in any case of this character.

This holding presents the principal question in the case, which is, May the importer rest his case upon the official samples, and does it become the duty of the board to determine, as a question of fact, whether protestants' claim is supported by the evidence afforded by these samples?

We think this question is concluded by the previous decisions of this court. It was said by the court in Krusi v. United States (1 Ct. Cust. Appls., 168; T. D. 31213):

When facts which determine the classification of imported merchandise are ascertainable and ascertained from an inspection of the goods themselves by the Board of General Appraisers, availing itself of the common knowledge and experience of which judicial notice may be taken, it can not be said that there is no evidence to support a finding of such facts.

And in Knauth v. United States (1 Ct. Cust. Appls., 178; T. D. 31216) it was held that the official sample of goods made the subject of controversy having been selected by the customs officer charged with the duty of making a selection, it will be presumed that the sample was chosen as fairly representative of the merchandise. See also United States v. Seattle Brewing & Malting Co. (1 Ct. Cust. Appls., 362; T. D. 31454).

We think, under these rulings, it became the duty of the board not to exercise expert knowledge—for expert knowledge is not necessary to determine whether this importation consisted of rags, as evidenced by the samples—but to determine as a question of fact, from an inspection of the samples, what the goods of which the samples were assumed to be fairly representative consisted of. We have examined the samples with care, and we are of the opinion that within the holding in the case of Train-Smith Company v. United States (140 Fed. Rep., 113), which appears now to be accepted as laying down the correct rule, these importations consisted of rags. In this case as in that the merchandise does not appear to be of such a character as to be capable of use for patching purposes. The appraiser returned that the goods consisted of small pieces of gunny bagging packed in bales, and this is supported by an inspection of the samples. We think enough appeared prima facie to show that these importations should have been classified as rags. As there was no opposing testimony, the protest should have been sustained.

The decision of the board will be *reversed* and a reliquidation ordered.