UNITED STATES *v.* HAMBURGER LEVINE Co. (No. 1335).[1]

1. "APPLIQUÉD," WHAT IS NOT.

The merchandise consists of cotton wearing apparel upon which are sewn strips or bands of goods figured in different colors for ornamental purposes only. The articles are held to be cotton wearing apparel only, and not "appliquéd."

### United States Court of Customs Appeals, April 7, 1914.

APPEAL from Board of United States General Appraisers, G. A. 7525 (T. D. 34087). [Affirmed.]

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel; *Thomas J. Doherty,* special attorney, on the brief), for the United States.

*Hatch & Clute* (*Walter F. Welch* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of children's frocks and aprons made of a cotton fabric and ornamented with strips or bands of other cotton goods sewed upon their surface.

---

The appraiser reported the articles to be wearing apparel composed of cotton, appliquéd. They were returned for duty at 60 per cent ad valorem under the provisions of paragraph 349 of the tariff act of 1909. Duty was assessed upon the merchandise in accordance with this return.

The importers thereupon filed their protest against the assessment, contending that the merchandise was not appliquéd, and claiming an assessment of 50 per cent ad valorem upon the merchandise as cotton wearing apparel under paragraph 324, or alternatively at 45 per cent ad valorem under paragraph 332 as manufactures of cotton. The latter claim, however, is not insisted upon, the real question being whether the goods are dutiable simply as cotton wearing apparel or as cotton wearing apparel appliquéd.

This issue was submitted upon evidence to the Board of General Appraisers and the protest was sustained, the board holding that the articles in question were cotton wearing apparel, but were not appliquéd. From this decision the Government now appeals.

The following provisions of the tariff act of 1909 are controlling:

349. * * * Wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a plain or fancy letter, initial, or monogram, or otherwise, or tamboured, appliquéd, or scalloped, by hand or machinery, for any purpose, * * * all of the foregoing, composed wholly or in chief value of cotton, flax, or other vegetable fiber, * * * and not elsewhere specially provided for in this section, 60 per centum ad valorem: * * *.

324. Clothing, ready-made, and articles of wearing apparel of every description, composed of cotton or other vegetable fiber, or of which cotton or other vegetable fiber is the component material of chief value, made up or manufactured, wholly or in part, by the tailor, seamstress, or manufacturer, and not otherwise provided for in this section, 50 per centum ad valorem.

As appears from the foregoing statement, the present issue is one of fact only, and the single question in the case is whether the cotton wearing apparel at bar is or is not appliquéd. Several witnesses were examined at the trial before the board, but their testimony did not purport to prove any peculiar commercial usage of the term "appliquéd;" therefore the question must be answered according to the common or ordinary meaning of that term.

As already stated, the present merchandise consists of children's frocks and aprons made of cotton fabrics and ornamented with strips or bands of other cotton goods sewed smoothly onto their surface. These strips or bands are an inch or two in width; they are doubtless printed in numbers in the piece and are then cut apart and divided into suitable lengths for use. They have various designs or patterns printed in bright colors upon them, some being geometric or conventional in form, others being the figures of children at play. The strips or bands are sewed onto the garments in question along the upper and lower edges and also on the front. The pieces upon the front of the garments are either about the waist line in imitation of

belts or are about the neck having a yoke effect. They are designed solely for the ornamentation of the garments upon which they are sewn.

The question, therefore, is whether the printed strips or bands thus sewn upon such articles of wearing apparel make those articles appliquéd within the meaning of paragraph 349, above copied. It is contended by the importers that such ribbonlike strips or bands, even though bearing figures or designs, do not constitute appliqué work, and that this term when used with reference to such ornamentation applies only to patterns or designs which are cut in shape or outline out of one fabric and thereafter sewed upon another.

In attempting to ascertain the meaning of the word "appliquéd," the following definitions from the authorities are important:

Oxford:

*Appliqué*, sb. Work applied to or laid on another material; *spec.* A trimming cut out in outline and laid on another surface. Also in metal work; and *fig.* Hence appliquéd.

International Encyclopædia:

*Appliqué*, a. Applied; laid on; said of ornaments cut from one fabric and transferred to another or to fabric of another color; as, lace *appliqué* upon a groundwork of other material.

*Appliqué*, n. Any ornament laid out and applied to another surface in cloth, wood, or metal; also, a piece of work or the kind of ornamentation thus produced.

Webster:

*Appliqué*. Having a pattern which has been cut out and transferred from another foundation, as a kind of lace.

Century:

*Appliqué*, a. 1. In modern dress and upholstery, applied or sewed on, or produced in this way. Thus, the gimp or pattern of soiled or injured lace may be sewed upon a new ground, or embroidered flowers may be secured to new silk; in such a case the pattern or ornament is said to be *appliqué*, and the whole is *appliqué* work.

2. More generally, said of one material, as metal, fixed upon another, in ornamental work; as, an enameled disk *appliqué* upon a surface of filigree, an ivory figure *appliqué* upon a Japanese lacquer, and the like. (In both senses also used as a noun.) *Point appliqué*, point lace in which the design, after having been separately made, has been applied to the net which forms the foundation.

Encyclopædia Britannica:

*Needlework.* * * * Appliqué or applied work belongs as much as patchwork to the medieval category of *opus consutum*, or stitching stuffs together according to a decorative design, the greater part of which was cut out of material different in color, and generally in texture, from that of the ground to which it was applied and stitched. Irish art needlework, called Carrickmacross lace, is for the most part of cambric applied or appliqué to net.

Manual of Needlework, teaching how to do Kensington, Appliqué, Cretonne, Roman, Cross-stitch, Outline, and other Embroideries. Mrs. Joseph L. Patten (New York, 1883). p. 18.

*Cretonne embroidery.* Is similar to appliqué, only instead of cutting out designs of cloth or velvet, the designs are cut from cretonne and sateen such as is used for uphol-

steries.   The pattern should be cut out with a fine pair of scissors; lay them face downward and paste carefully with very fine gum arabic or a little starch; then lay upon the fabric, where you have previously arranged to place them, and the gum or starch will keep them in place.   Soft floss silk is the best for cretonne edges, and the work must be carefully done in close fine satin stitch, blending with color the silk and cretonne.

### Encyclopædia of Needlework, by Therese de Dillemont.   (English edition, 1890).   p. 531.

*Appliqué work* (fig. 862).—Appliqué work means the laying on of pieces of one kind of stuff on to a foundation of a different kind, so as to form a pattern—these pieces of stuff of various shapes and sizes taking the place of solid needle-made embroidery. Appliqué work may be done on linen, silk, velvet, plush, and leather.   The stuff out of which the pattern is cut has, in most cases, to be backed first with very fine tissue paper.

(Mem.: Fig. 862, first above referred to, is like an embroidered figure in outline.)

### The Ladies Guide to Needlework, Embroidery, etc., by S. Annie Frost (Shields), 1877.   c. III, p. 31.

*Appliqué work.*—The term appliqué, or application work, applies to the style of embroidery in which a pattern is cut or stamped out of one kind of material and transferred to another material, or the same in a different color, to which it is fastened by some edge of needlework, uniting by braid, satin stitch, cord, or beads.

In white goods this style of work is called transfer work, and will be found under that heading, the term appliqué being generally confined to articles of cloth, velvet, satin, or silk.

(Mem.: 6 designs illustrated all in outline work; 3 in white transfer, the same.)

### Coles' Encyclopædia of Dry Goods (N. Y., 1900):

*Appliqué.*—In modern dress and upholstery this term signifies *applied* or *sewed on.* Thus, the gimp or pattern of soiled lace may be sewed upon a new ground, or embroidered flowers may be secured to new silk; in such cases the pattern or ornament is said to be *appliqué,* and the whole appliqué work.   More generally said of one material fixed upon another in ornamental work.   *Point appliqué* is a variety of needle-point lace, in which the design after having been separately made has been applied to the net which forms the foundation.

### Stormonth:

*Appliqué.*—A style of work in which one material is laid upon another, as velvet on satin or cloth.

### Standard:

*Trimming.*—Something added for ornament or to give a finished appearance or effect; that which embellishes or completes.   (1) Material attached to a garment or the like for ornamentation.

### Webster:

*Trimming.*—That which serves to trim, make right or fitting, adjust, ornament, and the like; especially, the necessary or the ornamental appendages, as of a garment.

Upon a comparison and consideration of the foregoing authorities the court is inclined to the view that they sustain the claim of the importers, and that the strips or bands in question are trimmings, but are not appliqué.   It is true that in the case of several of the defini-

tions above copied the word "appliquéd" is given a general meaning consistent with the claim of the Government, but in relation to the ornamentation of one fabric by means of figures or designs taken from another, the word is limited to such designs or patterns as are cut in outline from the other fabric and does not include ribbon-like strips of figured goods sewn in their entirety upon garments. The Oxford Dictionary, as above appears, defines appliqué as a trimming "*cut out in outline* and laid on another surface." The International Encyclopædia calls it a pattern "*cut out* from one foundation and applied to another." These definitions do not apply to solid strips of printed goods merely *cut off* from other fabrics, but to designs or figures which are themselves *cut out* from their containing fabric and thereby separated therefrom. The three books on needlework, from which quotations are given above, either directly or indirectly sustain this interpretation, and the illustrations contained in them are consistent with that understanding only. In the case of Krusi *v.* United States (1 Ct. Cust. Appls., 168) the appliqué work in question was described as follows: "A piece of cloth *cut to shape* from a cotton fabric in one case and a silk fabric in the other, with a small ornament in the center." In the case of J. H. Thorp & Co., under the tariff act of 1897, decided by the board of General Appraisers in 1899 (T. D. 21375), the following definition of the term in question was given by Fischer, G. A.:

This merchandise corresponds with the definition given to the word "appliqué" by all the standard dictionaries and with the trade understanding. The general definition is: "Ornamentation with a pattern, which has been cut out of another color or stuff, applied or transferred to a foundation."

It seems clear indeed that the designs printed upon the strips before the court bear no relation whatever to the question whether the garments are appliquéd, except in so far as they tend to prove that the strips themselves are designed for ornamental rather than utilitarian purposes. For if such printed strips would make these garments appliquéd, there would be no good reason for denying the same classification to garments ornamented in the same manner with strips or bands in solid colors or even with strips of tape sewn on to the garments for ornamental purposes. This conclusion tends strongly against the validity of the Government's contention, for it may be stated with confidence that the work "appliquéd," in common apprehension, does not apply to strips or bands of goods in solid colors or to lengths of tape sewed upon garments for ornamental purposes; these certainly would commonly be called trimmings only, and not appliqué trimmings. It is true, of course, that even such bands would be *applied* upon garments and therefore might literally be said to be appliqué, but this literal signification is much more comprehensive than the meaning attached to the term in common use.

Many of the cases cited in the briefs relate to ornaments such as cords, threads intertwined with gilt paper, or similar articles which, when sewed upon garments, do not form part of the surface of the garment itself, but stand out in relief therefrom. Others relate to patterns or figures superimposed upon a fabric by means of glue and flock or designs in metal. Such articles have been held in many cases to be appliquéd; the present merchandise, however, differs in character from such articles.

The court therefore concludes that the present articles are not appliquéd, but are cotton wearing apparel only, dutiable at 50 per cent ad valorem under paragraph 324, and the board's decision to that effect is *affirmed*.