TEXAS & PACIFIC RAILWAY Co. *v.* UNITED STATES (No. 1726).[1]

1. CONSTRUCTION, PARAGRAPH 408, TARIFF ACT OF 1913—"PRINTED."

The term "printed," as used in paragraph 408, tariff act of 1913, applies only to such printing as affects the character or condition of the woven fabrics as such, whether by way of ornamentation or exploitation, or for other like purpose. The conspicuous stenciling of the consignee's name upon a fabric for purposes of temporary identification does not make it a printed fabric.

2. EVIDENCE—JUDICIAL NOTICE.

When a fabric is in evidence, and it is apparent from a mere examination in the light of common knowledge and experience, without technical skill and without the aid of weighing or measuring instruments, that it weighs more than 15 ounces per square yard, this should be accepted as a proven **fact.**

3. JUTE PIECES FOR PATCHING COTTON BALES.

Pieces of woven fabrics of single jute yarns, about a square yard each in size, intended for use in patching cotton bales; not bleached, dyed, colored, stained, painted, or printed; not exceeding 16 threads to the square inch counting the warp and filling; and weighing not less than 15 ounces per square yard, are entitled to free entry as cotton bagging under paragraph 408, tariff act of 1913, and not dutiable as a woven article or manufacture of vegetable fiber under paragraph 284.

United States Court of Customs Appeals, December 2, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7888 (T. D. 36342).

[Reversed.]

*Comstock & Washburn (Albert H. Washburn* and *J. Stuart Tompkins* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Robert Hardison,* special attorney, of counsel), for the United States.

[Oral argument October 31, 1916, by Mr. Washburn and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of so-called patches for cotton. These are pieces of woven fabrics composed of jute, about a yard square each in size, intended for use in patching cotton bales which have been torn or have been opened for sampling purposes.

---

[1] Reported in T. D. 36875 (31 Treas. Dec., 574).

They were assessed with duty at the rate of 35 per cent ad valorem under the provision for all manufactures of jute not specially provided for contained in paragraph 284 of the tariff act of 1913.

The importers protested, claiming free entry of the merchandise under the provisions for cotton bagging, composed of jute, not bleached, dyed, colored, stained, painted, or printed, not exceeding 16 threads to the square inch, and weighing not less than 15 ounces per square yard, contained in paragraph 408 of the free list.

The protest was submitted upon the samples, together with oral testimony, to the Board of General Appraisers and was overruled. The importers appeal.

The following is a copy of the two paragraphs thus invoked by the respective parties:

284. All woven articles, finished or unfinished, and all manufactures of flax, hemp, ramie, or other vegetable fiber, or of which these substances, or any of them, is the component material of chief value, not specially provided for in this section, 35 per centum ad valorem.

408. Bagging for cotton, gunny cloth, and similar fabrics, suitable for covering cotton, composed of single yarns made of jute, jute butts, seg, Russian seg, New Zealand tow, Norwegian tow, aloe, mill waste, cotton tares, or other material not bleached, dyed, colored, stained, painted, or printed, not exceeding sixteen threads to the square inch, counting the warp and filling, and weighing not less than fifteen ounces per square yard; plain woven fabrics of single jute yarns by whatever name known, not bleached, dyed, colored, stained, printed, or rendered noninflammable by any process; and waste of any of the above articles suitable for the manufacture of paper.

In order to bring the merchandise within the provisions of the first part of paragraph 408, *supra,* it became incumbent upon the importers to prove (1) that it was bagging for cotton, or gunny cloth, or similar fabrics suitable for covering cotton; (2) that it was composed of single yarns of jute or other material named in the paragraph; (3) that it was not bleached, dyed, colored, stained, painted, or printed; (4) that it did not exceed 16 threads to the square inch, counting the warp and filling; and (5) that it weighed not less than 15 ounces per square yard.

The board found in favor of the importers upon the first four items above recited, but against them upon the fifth item. This single adverse finding resulted in the overruling of the protest by the board.

Upon a review of the oral evidence reported in the record and an inspection of the samples which are in evidence, we agree with the board in holding that the importers have proven the first four items of their contention as above set out. But we disagree with that portion of the board's decision which holds that the importers have failed to sustain the fifth or remaining item of their claim.

In respect to the four points above stated in which we agree with the board's decision, we may say that it is made certain by the testimony of the witnesses that the fabrics in question not only are suitable for covering cotton but also that they are designed exclusively for that use. It is made apparent by an inspection of the samples that the fabrics are composed of single yarns, and it is also manifest from an inspection of the samples that there are not more than 16 threads to the square inch in the fabric, counting both warp and filling. That the yarns are composed of jute is conceded. It furthermore appears from an examination of the samples that the fabrics in question are not bleached, dyed, colored, stained, painted, or printed. It is true that the consignee's name is conspicuously stenciled upon each piece thereof for purposes of identification only, but this fact does not bring the fabrics within the description of printed fabrics as used in the act. That term, like its associate terms, bleached, dyed, colored, stained, or painted, applies only to such printing as affects the character or condition of the woven fabrics as such, whether by way of ornamentation or exploitation, or for other like purpose. The stenciling of the consignee's name upon the fabrics for purposes of identification only is partial and temporary in character, and does not alter their real description for tariff purposes. Paragraph 344 of the tariff act of 1897 and paragraph 355 of the tariff act of 1909 contained the same enumeration as that now in question, namely, bagging for cotton, etc., not bleached, dyed, colored, stained, painted, or printed. In the Wolff & Co. case, G. A. 7098 (T. D. 30930), relating to such bagging, decided in the year 1910, the Board of General Appraisers held that stenciling such as that upon the present articles did not bring the bagging within the description of printed fabrics as intended by the provisions in question. The reenactment of the same provisions in the tariff revision of 1913, in the light of the decision just cited, may well be accepted as continuing the same interpretation of the term in question. See Mente & Co. case, G. A. 7705 (T. D. 35268).

The foregoing conclusions of the board, wherein the first four items of the importers' claim as above set out were sustained, were rested by the board in part upon the testimony of the witnesses and in part upon an examination of the samples which were in evidence.

As has been stated, the importers were bound under the issue to prove one other fact in addition to those already recited, namely, that the fabrics in question weighed not less than 15 ounces to the square yard. Upon this issue the board held against the importers, with the result of overruling the protest.

It appears from the record that the importers introduced no testimony at the trial in relation to the weight of the fabrics per square yard, but relied solely upon the samples in evidence as suffi-

cient proof upon that subject. The board, however, held against this claim, and in that behalf said:

The testimony introduced on the part of the importers shows that these goods were intended for patching cotton bales. No evidence was introduced with reference to the number of threads or the weight of the fabric per square yard, as provided for in paragraph 408. We think it is evident from an inspection of the goods that there are less than 16 threads to the square inch, counting warp and filling, and that it is a plain woven fabric of a single yarn. We do not think, however, we are authorized to assume that the weight of the fabric is as required by the statute. There was no evidence, as stated above, upon this point. We must therefore conclude that the importers have not made out their claim under this part of the paragraph, as clearly it is essential to know the weight in determining the classification under the first part of paragraph 408.

We think the statement that there was no evidence before the board in regard to the weight per square yard of the fabrics is erroneous. The samples themselves were in evidence, and the board had already held that these taken alone were sufficient proof to the effect that the fabrics were composed of a single yarn, and that they had less than 16 threads to the square inch, counting the warp and filling. The samples were equally in evidence in respect to the weight of the fabrics per square yard, and an examination of them leads immediately and unmistakably to the conclusion that their weight is substantially in excess of 15 ounces per square yard. We think that this fact is palpable upon a mere examination of the samples, such as would be made by a common-law jury in the trial of such an issue without technical skill in such matters and without the aid of weighing or measuring instruments. It should therefore have been accepted as proven fact in the present case. It need hardly be said that no testimony was introduced by the Government regarding the weight of the fabrics per square yard, and it may be assumed that the importers considered the samples themselves to be sufficient proof in their behalf upon that question.

In Krusi *v.* United States (1 Ct. Cust. Appls., 168–169; T. D. 31213) this court, speaking by Smith, Judge, said:

Touching the point made by counsel for the importer that there is no evidence in the record showing or tending to show that the goods are appliquéd, it is only necessary to say that admittedly fair samples of the goods were introduced in evidence and that from an inspection of them it was possible for the board, as it is possible for this court, to determine whether or not they are appliquéd. When facts which determine the classification of imported merchandise are ascertainable and ascertained from an inspection of the goods themselves by the Board of General Appraisers, availing itself of the common knowledge and experience of which judicial notice may be taken, it can not be said that there is no evidence to support a finding of such facts. It would seem, however, that when the facts upon which proper classification depend are patent to the eye of the expert only and the board has no record evidence before it as to the

nature, kind, and character of the goods, it can not classify them solely on its own expert knowledge and experience, and a finding based exclusively on such expert knowledge and experience would be without evidence to support it. To hold otherwise would make the board the final judge in many cases of contested classification and would in effect deprive the importer of the right of appeal conceded by Congress. In this case an inspection of the goods, aided by nothing more than the facts of common knowledge and experience of which judicial notice may be taken, shows that they are appliquéd, and the finding of the board to that effect was justified by the evidence which the goods themselves furnished.

See also Knauth v. United States (1 Ct. Cust. Appls., 178; T. D. 31216), United States v. Brewing Co. (1 Ct. Cust. Appls., 362; T. D. 31454), and United States v. Strauss Bros. & Co. (136 Fed., 185).

In Shallus v. United States (2 Ct. Cust. Appls., 456–457; T. D. 32205), Montgomery, Presiding Judge, speaking for the court, said:

We think, under these rulings, it became the duty of the board not to exercise expert knowledge—for expert knowledge is not necessary to determine whether this importation consisted of rags, as evidenced by the samples—but to determine as a question of fact, from an inspection of the samples, what the goods of which the samples were assumed to be fairly representative consisted of.

We believe the present question to be within the rule expressed by the foregoing decisions, and that the present samples, if inspected and examined in the light of common knowledge and experience, without the aid of measuring or weighing instruments, will readily be found to be heavier than 15 ounces to the square yard.

The decision of the board is therefore *reversed*.