UNITED STATES *v.* MILLS, DUFLOT & CO. (No. 2002).[1]

CONSTRUCTION, PARAGRAPH 358, TARIFF ACT OF 1913.—"APPLIQUÉD"—CONTEXT AS AID.

The provisions in the tariff act of 1913 for cotton cloth "colored," "stained," "painted," or "printed" (par. 252) and for plain woven fabrics of any vegetable fiber "colored," "stained," "painted," or "printed" (par. 279), read in connection with the proviso of paragraph 652 that the word "painting" as therein employed shall not be held to include articles such as are "made wholly or in part by stenciling or any other mechanical process," make it clear that the word "appliquéd," in paragraph 358, was not intended to include fabrics ornamented by affixing a floral design of either flock or some metallic substance by means of stenciling with glue or some stamping process. Following United States *v.* Heyliger & Raubitschek (10 Ct. Cust. Appls., 52; T. D. 38297) decided concurrently herewith, the decision of the Board of United States General Appraisers, sustaining a protest against the classification of such merchandise as "appliquéd" under paragraph 358, claiming classification under the residuary provisions of paragraph 318 for woven silk fabrics not otherwise specially provided for is affirmed. It is essential to the definition of the word "appliquéd" that the appliquéd figure or design must have been independently fabricated and thereafter applied or transferred to another article or fabric.

United States Court of Customs Appeals, February 21, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43292.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

*Brooks & Brooks* for appellee.

[Oral argument Dec. 18, 1919, by Mr. Hanson and Mr. Frederick W. Brooks, jr.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This record presents for determination the proper interpretation of the word "appliquéd" as used in import tariff legislation and particularly in paragraph 358, current tariff act.

The facts attending the processes of manufacture resulting in this imported article, while not made certain by the record, are, within the radius of the concessions herein, sufficient for decision. In this particular the board in its decision states:

The official samples admitted in evidence consist of a foundation fabric composed of silk and ornamented by having a floral design applied thereto by means of some mechanical device. There is nothing in the record, however, indicating how the ornamentation was applied to the fabric, but it would appear to us from an inspection of the samples that the design is produced by applying glue or other substance to the foundation fabric through a stencil and then covering the glue with flock, which adheres to the glue and forms the design.

---

[1] T. D. 38296 (38 Treas. Dec., 170).

162987—21—VOL 10——4

The Government, however, by brief on appeal herein, challenges this recital of facts to the extent of the statement:

It may be that upon an examination of the samples and of the analyses of their component materials the court will differ from the board in its conclusion that the design is composed of flock, stuck on to the fabric with glue. A careful examination leads us to believe that it is quite possible that this design is composed, not of flock, but of some sort of a metallic substance, and that it may have been applied, not by stenciling with glue, but by direct application through the means of a stamping process, after the manner of the paste dots or the bronze powder * * *. But, however this may be, the final result is almost identical with that displayed in the Heyliger & Raubitschek case, and the general course of the judicial decisions as shown by us in our brief in that case would seem to be such as to require the same decision here as there.

The facts of the appeal in United States v. Heyliger & Raubitschek (10 Ct. Cust. Appls., 52; T. D. 38297), decided herewith, therefore, and we think fully within the reasoning herein, may be taken as the facts supporting this decision, which, for convenience of reference, we will here repeat:

The merchandise in this case consists of certain light silk fabrics which are imported in the piece. They are ornamented upon one side by small floral designs formed by stenciling liquid glue thereon, and covering this with a thick layer of flock. Flock is a material composed of minute particles of vegetable fiber, and when it is closely spread upon an adhesive surface as in this instance it resembles a piece of woven fabric cut to size and fastened upon the foundation fabric.

The merchandise was assessed with duty at the rate of 60 per cent ad valorem under the classification of appliquéd fabrics, upon the authority of paragraph 358 of the tariff act of 1913.

The importers protested against this assessment, denying that such goods are "appliquéd" within the sense of the statute, and claiming an assessment of 45 per cent ad valorem under the residuary provisions of paragraph 318, for woven silk fabrics not otherwise specially provided for in the act.

The considerations had in that case are applicable and decisive herein.

It may be said that, while there has been some difference of decision, this court, and in recent years the board, has adhered to the distinguishing fact that to constitute an article "appliquéd" within our import tariff statutes the idea and requirement of a union of two independent fabrications is indispensable. That the appliquéd *figure* or *design* must have been independently fabricated and thereafter applied or transferred to another article or fabric is essential. Krusi v. United States (1 Ct. Cust. Appls., 168; T. D. 31213); United States v. Hamburger Levine Co. (5 Ct. Cust. Appls., 217; T. D. 34382); Loewenthal & Co. v. United States (6 Ct. Cust. Appls., 209; T. D. 35464).

This court in United States v. Hamburger Levine Co., supra, after squarely stating the issue, gave it full consideration, reaching the

conclusion. stated. Therein the issue was stated at page 219 as follows:

The question, therefore, is whether the printed strips or bands thus sewn upon such articles of wearing apparel make those articles appliquéd within the meaning of paragraph 349, above copied. It is contended by the importers that such ribbon-like strips or bands, even though bearing figures or designs, do not constitute appliqué work, and that this term when used with reference to such ornamentation applies only to *patterns* or *designs* which are cut in shape or outline out of one fabric and thereafter sewed upon another. (Italics ours.)

After reviewing the many pertinent definitions we said in conclusion, page 220:

Upon a comparison and consideration of the foregoing authorities the court is inclined to the view that they sustain the claim of the importers, and that the strips or bands in question are trimmings, but are not appliqué. It is true that in the case of several of the definitions above copied the word "appliquéd" is given a general meaning consistent with the claim of the Government, but in relation to the ornamentation of one fabric by means of figures or designs taken from another, the word *is limited to such designs or patterns* (italics ours) as are cut in outline from the other fabric, and does not include ribbon-like strips of figured goods sewn in their entirety upon garments. The Oxford Dictionary, as above appears, defines appliqué as a trimming "*cut out in outline* and laid on another surface." The International Encyclopædia calls it a pattern "*cut out* from one foundation and applied to another." These definitions do not apply to solid strips of printed goods merely *cut off* from other fabrics, but to *designs* or *figures* (italics ours) which are themselves *cut out* from their containing fabric and thereby separated therefrom. The three books on needlework, from which quotations are given above, either directly or indirectly sustain this interpretation, and the illustrations contained in them are consistent with that understanding only. In the case of Krusi *v.* United States (1 Ct. Cust. Appls., 168) the appliqué work in question was described as follows:

"A piece of cloth *cut to shape* from a cotton fabric in one case and a silk fabric in the other, with a small ornament in the center."

That opinion aptly concludes the question that the limitations of the adopted definition are required in order to maintain any rational distinction between the frequent tariff terms "trimmed," "ornamented" and "appliquéd" articles.

Indeed, if sound differentiation is to be maintained between the many closely related provisions of the statute this confinement of the definition of "appliquéd" is necessary. There are numerous other provisions of the act, for example, for cotton cloth "colored," "stained," "painted," or "printed" (paragraph 252), and for plain woven fabrics of any vegetable fiber "colored," "stained," "painted," or "printed" (paragraph 279,) commercially effected by processes, similar to if not precisely like those employed to effect the figures and designs upon such fabrics. so that in order to give a sound and different meaning to each of the associated words of the act the definition announced must be adopted. The process here employed is essentially a stenciling process. That Congress deemed that stenciling was so nearly if not entirely a painting process and

that the word unmodified would include such is shown by paragraph 652 of the act, wherein it is expressly declared the word "painting" as therein employed shall not be held to include articles such as are "made wholly or in part by *stenciling* or any other mechanical process." (Italics ours.)

The court is of the opinion, therefore, that the conclusion herein and in United States v. Heyliger & Raubitschek, decided herewith, accords with the necessary differentiation required by reading together and giving due effect to all the kindred terms of the act.

    *Affirmed.*