UNITED STATES *v.* HEYLIGER & RAUBITSCHEK (No. 2001).[1]

CONSTRUCTION, PARAGRAPH 358, TARIFF ACT OF 1913—"APPLIQUÉD."

    The idea and requirement of a union of two independent fabrications is essential to and determinative of the definition of the word "appliquéd" in paragraph 358, tariff act of 1913. Loewenthal & Co. *v.* United States (6 Ct. Cust. Appls., 209; T. D. 35464). A fabric which is ornamented upon one surface by figures composed of glue covered with flock is not appliquéd, and the decision of the Board of United States General Appraisers sustaining a protest claiming classification under the residuary provisions of paragraph 318 for woven silk fabrics not otherwise specially provided for is affirmed.

United States Court of Customs Appeals, February 21, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43291.

[Affirmed.]

*Bert Hanson,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument Dec. 16, 1919, by Mr. Hansen and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of certain light silk fabrics which are imported in the piece. They are ornamented upon one side by small floral designs formed by stenciling liquid glue thereon, and covering this with a thick layer of flock. Flock is a material composed of minute particles of vegetable fiber, and when it is closely spread upon an adhesive surface, as in this instance, it resembles a piece of woven fabric cut to size and fastened upon the foundation fabric.

The merchandise was assessed with duty at the rate of 60 per cent ad valorem under the classification of appliquéd fabrics, upon the authority of paragraph 358 of the tariff act of 1913.

---

[1] T. D. 38297 (38 Treas. Dec., 173).

The importers protested against the assessment, denying that such goods are "appliquéd" within the sense of the statute, and claiming an assessment of 45 per cent ad valorem under the residuary provisions of paragraph 318, for woven silk fabrics not otherwise specially provided for in the act.

The question was submitted to the Board of General Appraisers, who sustained the claim made by the importers in the protest. The Government appeals.

The sole question, therefore, is whether a silk fabric which is ornamented upon one surface by figures composed of glue covered with flock is an appliquéd fabric within the act. There being no commercial testimony in the record tending to establish a restricted definition of the term "appliquéd," its common or usual signification must be accepted as authoritative in the case.

In the case of Loewenthal & Co. *v.* United States (6 Ct. Cust. Appls., 209; T. D. 35464), this court had before it certain tunics composed of lace nets, beaded, without following any figure or design, and also certain motifs, garnitures, and gimps of beads with net foundation, the beads forming designs of various forms, the same being ready to be applied to garments, and also running lengths or strips of such beaded designs likewise on net foundations ready to be applied to garments. One of the controlling questions in the case was whether the goods thus described were appliquéd goods. Upon this subject the court said:

Tersely stated, an article of wearing apparel appliquéd, within the tariff sense, is such ornamented with a pattern or design which has been cut out of another color or stuff; or, to the same effect, otherwise independently fabricated and applied or transferred to another article or fabric. The idea and requirement of a union of two independent fabrications is essential and determinative.

We think that the present question is directly answered by the foregoing definitions; for the silk fabric now before us is not "ornamented with a pattern or design which has been cut out of another color or stuff; or, to the same effect, otherwise independently fabricated and applied or transferred to another article or fabric." Nor does the present fabric satisfy the requirement of "a union of two independent fabrications," such as is above expressed. The glue which is first placed upon these goods is a liquid or semiliquid, and of course it possesses no separate or independent pattern or design of any kind, while the flock is a mere powder which is devoid of independent dimensions in this particular. The ornamentation of goods by this means, therefore, comes within the operations of painting, coloring, dyeing, and the like, rather than that of appliquéing. Otherwise the application of bead-like drops of glue alone upon the surface of a fabric as a species of ornamentation would be sufficient to constitute it appliquéd. The board held against such a claim in the

case of Hydeman & Lessner, T. D. 37005, G. A. 8027, decided in 1917. We think this holding to be correct, for otherwise it would seem to follow that drops or beads of paint or other coloring matter laid upon the surface of goods would constitute them appliquéd goods.

It must be conceded that in several earlier cases the board reached a conclusion not in harmony with the decision now upon appeal. (T. D. 15843, G. A. 2943; T. D. 21375, G. A. 4481; T. D. 23977, G. A. 5202; Abstract 38293.) And it likewise appears that the customs service has classified such goods in practice for some years as appliquéd goods. Nevertheless we feel that the common definition of the term in question has been so certainly established both by usage and authority as to justify the board's present decision. See also United States v. Hamburger Levine Co. (5 Ct. Cust Appls., 217; T. D. 34382).

It is accordingly *affirmed*.