No. 53832.—Butler Brothers v. United States, protests 94660–K and 94690–K (New York).

FORD, Judge:   The two protests listed above bring before us for determination the question of the proper classification of certain bootees, which were classified by the collector as wool knit outerwear, in part of trimming or ornament, with the consequent levy of duty thereon at the rate of 90 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.   Claim is made by the plaintiff that the merchandise is properly dutiable at only 50 cents per pound plus 50 percent ad valorem under paragraph 1114 (d) of the Tariff Act of 1930, or at said rate under said paragraph, as modified by the trade agreement with the United Kingdom, T. D. 49753, or at 35 percent ad valorem under paragraph 1530 (e) of the Tariff Act of 1930.

When these two protests were called for trial they were consolidated for the purpose of hearing and decision.   Samples of the merchandise covered by the invoices in each case were admitted in evidence as exhibits 1 and 2, and the cases were thereupon submitted for decision.

In its brief filed herein counsel for the plaintiff cites, as supporting its contention, the cases of *United States* v. *Hochschild, Kohn & Co.*, 31 C. C. P. A. (Customs) 98, and *United States* v. *Kahn*, 13 Ct. Cust. Appls. 57.   On the other hand, counsel for defendant, in its brief filed herein, cites *Central Vermont Railway Co.* v. *United States*, 10 Ct. Cust. Appls. 31, and *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. (Customs) 1, as supporting its contention that the evidence offered by the plaintiff is not sufficient to overcome the presumption of correctness attendant upon the collector's classification.

In the *Central Vermont* case, *supra*, our appellate court stated:

But it is not sufficient for the importer to establish that the collector's classification is wrong.   He must also show that the one for which he contends is right, * * *.

We fully recognize the import of the above holding, which has long been followed by this court.   But the above is merely a rule for the guidance of this court in the decision of classification cases, and when the importer has produced sufficient

313

evidence to establish that the collector's classification of the merchandise is wrong and that one of the claims made by the importer is correct, then it has met the rule by establishing a *prima facie* case, and is entitled to judgment in its favor.

The *Marshall Field* case, *supra*, holds that it is elementary in customs jurisprudence that the collector is presumed to have found every fact necessary to sustain his classification.

An examination of the samples before us discloses that the bootees in question do not meet the requirements of paragraph 1530 (e) of the Tariff Act of 1930, as announced by our appellate court in the *Kahn* case, *supra*, in that these samples do not show any visible line of demarcation between the uppers and the soles We need, therefore, give no further consideration to this claim.

The question remaining to be decided is whether or not the involved bootees are in part of trimmings or ornaments. In view of the present state of the record, this question must be determined by availing ourselves of such information as may be derived from an inspection of the samples before us, in connection with the facts of common knowledge of which judicial notice may be taken.

The question of whether or not these bootees are in part of trimmings or ornaments appears to be much the same as that involved in the *Hochschild* case, *supra*. It is significant, however, that the record in that case was neither offered nor admitted in evidence as a part of the record herein. In the *Hochschild* case, *supra*, the plaintiff offered the testimony of the general manager of the importer's infants' wear department and buyer of infants' wear, who prepared the memorandum for the order of the merchandise there in question, and the Government offered the testimony of the examiner who examined and passed the merchandise.

In the case of *Marshall Field & Co.* v. *United States*, Abstract 12553, in passing upon the proper classification of certain merchandise there involved which had been classified as "lace panels made of filet net with an embroidered design or pattern thereon," this court said:

An examination of the sample in evidence satisfies us that it is a *curtain*, and the evidence shows that it is composed of *embroidered net*. We therefore hold the merchandise covered by this protest to be properly dutiable at the rate of 75 per cent ad valorem under the latter part of paragraph 1430 of the Tariff Act of 1922, as embroidered articles, as claimed by the plaintiffs. [Italics ours.]

In affirming that decision, our appellate court in *United States* v. *Marshall Field & Co.*, 18 C. C. P. A. (Customs) 469, observed:

It is argued before us, on behalf of the Government, that there was no oral testimony in the case; that the report of the appraiser and a sample of the merchandise comprised all of the evidence which the Customs Court had before it, and that the expression in the opinion, *supra*—"the evidence shows"—is inapt "because the record appears to be silent as to evidence which would justify the said decision."

\*　　\*　　\*　　\*　　\*　　\*　　\*

The Customs Court, having only the recited evidence before it, evidently drew upon its experience and observation in life, as courts must frequently do, and, taking the impression derived from its inspection of the sample, \* \* \* made its finding that the article "is a *curtain* \* \* \* composed of embroidered net." [Italics ours.]

This court has no knowledge derived from its own observation and experience which causes us to entertain any view different from that of the court below as to what the article is.

It may be conceded that oral testimony might have been presented which would have greatly aided the court in determining the question, but such testimony was not presented, and, like the court below, we must decide the issue upon such evidence as the parties have seen fit to offer.

\*　　\*　　\*　　\*　　\*　　\*　　\*

The issue is, therefore, controlled by the cases cited, *supra*, by the Customs Court, and its judgment is *affirmed*.

It will be thus seen that in the *Marshall Field* case, *supra*, the record contained evidence that the merchandise therein was "made of filet net with an embroidered design or pattern thereon," and the court, availing itself of the common knowledge and experience of which judicial notice may be taken, in connection with the evidence as to the merchandise being embroidered, held it to be embroidered net curtains. In the instant case, however, there is no evidence as to any fact concerning the proper classification of the merchandise, other than the samples alone, and it is clear to us that the court, having no evidence before it, other than that which is patent to the eye of the expert only, cannot classify the merchandise solely on its own expert knowledge and experience, since such a finding would be without evidence to support it. *Krusi* v. *United States*, 1 Ct. Cust. Appls. 168.

For the reasons hereinbefore stated all claims of the plaintiff are overruled. Judgment will be rendered accordingly.