## UNITED STATES *v.* LEE & CO. (No. 1940).[1]

EVIDENCE—JUDICIAL KNOWLEDGE—PRESUMPTION FAVORS COLLECTOR.

The court can not take judicial notice that exhibits of half hose are not "selvaged, fashioned, narrowed, or shaped wholly or in part by knitting machines or frames, or knit by hand," or "commercially known as seamless"; and, in the absence of other evidence, the collector's classification of them as such under paragraph 288, tariff act of 1913, must be sustained and the decision of the Board of United States General Appraisers sustaining a protest claiming them dutiable as knitted woolen half hose not specially provided for under the same paragraph reversed.

### United States Court of Customs Appeals, April 1, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42468.

[Reversed.]

*Bert Hanson*, Assistant Attorney General (*Harry M. Farrell*, special attorney, of counsel), for the United States.

Submitted on record by appellees.

[Oral argument Jan. 10, 1919, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The question here is as to the proper classification of certain woolen half hose entered at the port of Pembina, N. Dak. There were two entries.

They were assessed under that part of paragraph 288 of the tariff act of 1913, which provides for—

* * * Stockings, hose and half hose, selvedged, fashioned, narrowed, or shaped wholly or in part by knitting machines or frames, or knit by hand, including such as are commercially known as seamless stockings, hose and half hose, and clocked stockings, hose and half hose, * * * valued at more than $1.20 per dozen pairs, 40 per centum ad valorem.

The importers claimed classification under another part of the same paragraph, which provides for—

* * * Stockings, hose and half hose, made on knitting machines or frames, composed wholly or in chief value of wool, not specially provided for in this section, 20 per centum ad valorem.

The collector as to one entry advised the Board of General Appraisers, when transmitting the protest, that in making the assessment he was "governed by the fact that the half hose were made of wool, were seamless and made on knitting machines, and were of greater value than $1.20 per dozen pairs," and as to the other, that the merchandise was "assessed with duty under paragraph 288, act of October 3, 1913."

The claim of importers in their protest, which covers both entries, is as follows:

The hose covered by the above-mentioned entries are made on knitting machines, and, not being specially provided for by name in paragraph 288, * * * are dutiable at the rate of 20 per cent ad valorem.

[1] T. D. 37977 (36 Treas. Dec., 314).

The said wool half hose are not selvedged, fashioned, narrowed, or shaped wholly or in part, and are not such as are commercially known as seamless or clocked hose.

The value provision of paragraph 288 * * *, applies only to the hose specifically mentioned by name in the said paragraph, and therefore can not be applied in the case of wool half hose not specially provided for.

This protest was heard by the Board of General Appraisers upon the papers in the case and a sample of the merchandise, and sustained, the board remarking in its opinion:

From the record and samples it is plain that the half hose are not "selvedged, fashioned, narrowed, or shaped wholly or in part" and it is also apparent that they are in fact "seamed" and not "seamless."

The question here is whether, upon the record and samples, the judgment below ought to be sustained. There is no argument on behalf of importers in this court.

The action of the collector is presumed to be correct, and it is incumbent upon the importers by proof to establish error therein, and further to show that the classification claimed in the protest is the right one.

That these half hose are of wool, are made on knitting machines, and are valued at more than $1.20 per dozen pairs, is undisputed. But in order to establish the classification claimed by them it was incumbent upon the importers to show that they were not selvedged, fashioned, narrowed, or shaped wholly or in part by knitting machines, or knit by hand, or commercially known as seamless half hose.

We find ourselves wholly unable from an examination of the samples to say that they are not so fashioned, narrowed, or shaped, or are not such as are commercially known as seamless half hose.

We think this is one of those cases where an importer is required to show by testimony of those familiar with the methods of manufacture how the goods were made, instead of relying upon the merchandise itself to establish the necessary facts.

It would hardly be safe for us to assume sufficient technical knowledge of the subject to reach the right conclusion from an examination of the samples before us unaided by testimony. The importers have challenged the correctness of the assessment on the above-mentioned grounds, and we think they have failed to support their challenge by adequate proof.

The judgment of the Board of General Appraisers is *reversed*.